In the

# United States Court of Appeals
## For the Seventh Circuit

———————

No. 04-2458

WAYNE EDWARDS,

*Plaintiff-Appellant,*

*v.*

DONALD N. SNYDER, JR., Director,
MICHAEL L. HOLMES, ALLAN WISELY,
et al.,

*Defendants-Appellees.*

———————

Appeal from the United States District Court
for the Southern District of Illinois.
No. 02 C 1196—**Michael J. Reagan**, *Judge.*

———————

ARGUED NOVEMBER 8, 2006—DECIDED MARCH 7, 2007

———————

Before CUDAHY, KANNE, and SYKES, *Circuit Judges.*

SYKES, *Circuit Judge.* Wayne Edwards, an inmate at
Big Muddy River Correctional Center in Illinois, dislocated
his finger while playing basketball on New Year's Eve
2000. He claims he did not receive proper treatment for
almost two days because the prison's physician was too
busy ringing in the new year. Believing the physician and
other prison staff showed deliberate indifference to his
serious medical condition, Edwards filed a grievance
through internal prison channels. When those remedies
were exhausted, he filed a complaint in federal court
alleging the doctor and other prison officials were deliber-

ately indifferent to his serious medical condition in violation of his rights under the Eighth Amendment. He also brought a medical negligence claim under state law.

On preliminary screening pursuant to 28 U.S.C. § 1915A, the district court held that Edwards's claim for deliberate indifference was frivolous and dismissed it. The court then declined to exercise supplemental jurisdiction over Edwards's state law claim and dismissed it without prejudice. Edwards appeals. Because Edwards's complaint is neither factually nor legally frivolous and states a cognizable claim for deliberate indifference, we reverse.

## I. Background

The complaint alleges that on December 31, 2000, Edwards was playing basketball with other inmates at the Big Muddy River Correctional Center when he accidentally suffered an open dislocation—a bone in his right-hand middle finger was pushed severely backwards and punctured the skin. Prison staff immediately took Edwards to the infirmary and paged Dr. Brian Ruiz ("Ruiz"), a prison doctor. Ruiz was not on the premises but responded by telephone within thirty minutes and instructed staff to admit Edwards to the infirmary. Ruiz said he would examine the injury "after the holiday." Edwards thought his injury required immediate treatment, so he asked the nurse to call the assistant warden and ask whether he could receive care at an outside medical facility. Though Edwards's request was not granted, Ruiz was contacted again, and this time he came to the prison within two hours. Ruiz briefly examined the injury and ordered Edwards admitted to the prison's hospital. He did not, however, order an x-ray or reset the bone. The doctor simply prescribed antibiotics and pain medication and departed until after the New Year's holiday.

On January 2, 2001, Edwards's injury was x-rayed and Ruiz surgically reset the finger. Edwards was discharged from the prison hospital on January 4, 2001. Approximately two weeks later, Ruiz ordered Edwards to undergo physical therapy, and on January 30, 2001, Edwards saw an orthopedic specialist who reviewed his x-rays and seconded Ruiz's prescription. In addition to undergoing various forms of therapy on his hand, Edwards received medication to relieve swelling and pain.

Edwards filed a grievance in February 2001, claiming delayed and insufficient medical treatment of his dislocated finger. This grievance worked its way up to the Administrative Review Board, which in turn referred Edwards's grievance to the agency medical director for review. Despite Edwards's claims that he had received inadequate treatment resulting in disfigurement and permanent loss of range of motion, the medical director found Edwards's treatment was within reasonable standards of care. Having exhausted his administrative remedies, Edwards filed a two-count complaint in federal court pursuant to 42 U.S.C. § 1983 asserting claims for deliberate indifference in violation of the Eighth Amendment and state-law medical negligence. The district court dismissed the Eighth Amendment claim on preliminary screening and declined to exercise supplemental jurisdiction over the state-law negligence claim.

## II. Discussion

The district court conducted an initial review of Edwards's § 1983 complaint under 28 U.S.C. § 1915A, which requires district courts to preliminarily screen prisoner complaints and dismiss them if they are frivolous, malicious or fail to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). The district court dismissed Edwards's Eighth Amendment claim as frivolous

because he "received substantial, prompt medical treat-
ment for his injured finger." The court explained that
"[n]one of the facts alleged provides even a viable basis
for finding that any Defendant was deliberately indif-
ferent to [Edwards's] medical needs, in violation of his
constitutional rights." Having dismissed the federal
constitutional claim, the court declined to exercise sup-
plemental jurisdiction over the state-law claim.

It is not clear whether the district court dismissed
Edwards's deliberate indifference claim on grounds of
*factual* or *legal* frivolousness. A claim is factually frivolous
if its allegations are bizarre, irrational or incredible. *See
Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 774
(7th Cir. 2002); *cf. Neitzke v. Williams*, 490 U.S. 319, 327
(1989) (a claim is factually frivolous under § 1915 if it is
"clearly baseless"); *Denton v. Hernandez*, 504 U.S. 25, 33
(1992) (explaining that "a finding of factual frivolousness
is appropriate when the facts alleged rise to the level of
the irrational or the wholly incredible"). The district
court's order does not suggest the court viewed Edwards's
allegations as wholly irrational and therefore factually
frivolous. Indeed, the complaint's allegations regarding
Edwards's injury and the treatment he received are
neither incredible nor bizarre.

Alternatively, a claim may be properly characterized as
legally frivolous if it lacks an arguable basis in law or is
based on an indisputably meritless legal theory. *Neitzke*,
490 U.S. at 325, 327. The district court did not suggest
that Edwards's complaint sought relief under a meritless
legal theory. To the contrary, the complaint plainly seeks
recovery under a recognized constitutional cause of
action. So, if Edwards's complaint is neither factually nor
legally frivolous, how should we construe and review the
district court's dismissal?

Although the district court held that Edwards's deliber-
ate indifference claim was "frivolous," it appears from the

court's analysis that the court actually evaluated the complaint for failure to state a claim and dismissed it on this basis. We have previously recognized that "[e]n route to determining that a claim is frivolous, the district court must determine whether it is legally insufficient, an issue purely of law on which appellate review is plenary." *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 787 (7th Cir. 1995).

Complaints may be susceptible to dismissal for failure to state a claim for various reasons. For example, a plaintiff may allege too little in his complaint and fail to meet the minimal federal pleading requirements. *See* FED. R. CIV. P. 8. Even if a complaint passes the minimal threshold of pleading standards, dismissal for failure to state a claim may be appropriate if it "appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006); *Dewalt v. Carter*, 224 F.3d 607, 610 n.1 (7th Cir. 2000). A complaint can also allege too much; a plaintiff may unwittingly plead himself out of court by alleging facts that preclude recovery. *See McCready v. EBay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006). We consider these possibilities in turn.

For starters, Edwards's complaint satisfies the minimal pleading requirements under FED. R. CIV. P. 8(a), which requires only a "'short and plain statement of the claim' sufficient to notify the defendants of the allegations against them and enable them to file an answer." *Marshall,* 445 F.3d at 968. Edwards's complaint alleges he severely injured his finger while in prison and failed to receive adequate, timely care for a nonmedical reason (because the prison doctor did not want to interrupt his holiday). This failure resulted in permanent disfigurement, loss of range of motion, and the infliction of unnecessary pain. These allegations satisfy federal pleading requirements and state a claim for deliberate indiffer-

ence. *See Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005) (explaining that plaintiffs "need do no more than narrate a grievance simply and directly, so that the defendant knows what he has been accused of").

That leaves the possibility that Edwards pleaded himself out of court by alleging facts that defeat an essential element of his deliberate indifference claim. A deliberate indifference claim requires both an objectively serious risk of harm and a subjectively culpable state of mind. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994); *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). A deliberate indifference claim premised upon inadequate medical treatment requires, to satisfy the objective element, a medical condition "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Greeno*, 414 F.3d at 653. The subjective component of a deliberate indifference claim requires that the prison official knew of "a substantial risk of harm to the inmate and disregarded the risk." *Id.*; *Farmer*, 511 U.S. at 834. Mere medical malpractice or a disagreement with a doctor's medical judgment is not deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Greeno*, 414 F.3d at 653; *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261 (7th Cir. 1996). Still, a plaintiff's receipt of *some* medical care does not automatically defeat a claim of deliberate indifference if a fact finder could infer the treatment was "so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate" a medical condition. *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) (citation omitted).

Edwards did not plead himself out of court by describing the objective medical condition underlying his claim. We have recognized a variety of medical conditions as objectively serious in this context, *see, e.g.*, *Johnson v.*

*Doughty*, 433 F.3d 1001, 1003-04 (7th Cir. 2006) (hernia); *Norfleet v. Webster*, 439 F.3d 392, 394-95 (7th Cir. 2006) (arthritis); *O'Malley v. Litscher*, 465 F.3d 799, 805 (7th Cir. 2006) (minor burns resulting from lying in vomit); *Greeno*, 414 F.3d at 649-51 (heartburn and vomiting); *Duncan v. Duckworth*, 644 F.2d 653, 654 (7th Cir. 1981) (broken wrist), and there is nothing in the complaint's description of Edwards's openly dislocated finger that would lead us to think it was anything other than serious. The state concedes as much but argues Edwards's complaint admits that Ruiz and the prison staff did not disregard his injury. That is, the state argues that Edwards's complaint contains information establishing adequate treatment and thus precludes a claim of deliberate indifference. We disagree.

According to the complaint, Edwards was forced to wait two days for proper treatment for his injured finger—with a dislocated and fractured bone sticking through the skin and exposed—because Ruiz did not want to be bothered during his New Year celebrations. The state does not address this contention head on but instead points out that Edwards's complaint incorporates his grievance reports which show that at least one reviewing physician found Ruiz's treatment "within reasonable and acceptable standards of care." This, the state continues, pleads too much and shows Edwards cannot establish Ruiz acted with knowing disregard. Edwards's complaint, the state asserts, amounts to nothing more than a disagreement with Ruiz's prescribed course of treatment, which does not rise to the level of a constitutional violation. *See Estelle*, 429 U.S. at 107. Again, we disagree.

Edwards's complaint, including the attached reports, does not foreclose the possibility that Ruiz knew of the harm to Edwards in delaying proper treatment. *See Farmer*, 511 U.S. at 834; *Greeno*, 414 F.3d at 653. The appended records are silent on the central issue in this

appeal: why Edwards was made to wait for two days after Ruiz's initial assessment for any treatment for his open dislocation beyond antibiotics and pain medication. *See Gutierrez v. Peters*, 111 F.3d 1364, 1372 (7th Cir. 1997) (recognizing that "delays in treating painful medical conditions that are not life-threatening can support Eighth Amendment claims"); *Cooper v. Casey*, 97 F.3d 914, 917 (7th Cir. 1996). Neither do the attached grievance reports address the medical effects of this delay or whether it was reasonable.

The state's reliance on *Ciarpaglini v. Saini*, 352 F.3d 328 (7th Cir. 2003), is misplaced. In *Ciarpaglini*, the plaintiff-prisoner contested his treatment for chronic mental illness and prison doctors' modifications to his medication regimen. We held that Ciarpaglini had pleaded himself out of court and thus failed to state a claim for deliberate indifference because his complaint evinced only disagreement with the course of treatment prescribed by the prison doctors. *Ciarpaglini*, 352 F.3d at 331. Ciarpaglini might have survived dismissal, we noted, if he had "simply allege[d] that his medication [was] being gratuitously withheld without a reason." *Id.* That is precisely what Edwards has alleged here.

In contrast to *Ciarpaglini*, Edwards *is* claiming his treatment was unnecessarily and deliberately withheld for no better reason than to accommodate his doctor's holiday plans. The physicians reviewing Edwards's grievance did not address the delayed treatment, instead focusing on the adequacy of the treatment he eventually received. The adequacy of Edwards's later treatment is a matter distinct from Edwards's central claim of deliberate indifference, which challenges Ruiz's delayed treatment, the justification for that delay, and the resulting harm. Edwards has stated a claim for deliberate indifference, and his allegations do not preclude recovery on that count.

We therefore reverse the dismissal of Edwards's claim for deliberate indifference, but only as to Ruiz. We note that Edwards's appeal focused only on Ruiz's deliberate indifference; during oral argument, his attorney acknowledged Edwards only sought reinstatement of the deliberate indifference claim against Ruiz. Accordingly, Edwards has waived any challenge to the dismissal of his deliberate indifference claim against the other defendants. *See Weinstein v. Schwartz*, 422 F.3d 476, 477 n.1 (7th Cir. 2005).

After dismissing Edwards's deliberate indifference claim, the district court declined to exercise supplemental jurisdiction over the state-law medical negligence claim. In this situation, where all the claims relate to the same set of operative facts, we will ordinarily reinstate the state-law claim along with the reinstated federal claim. *See Albany Bank & Trust Co. v. Exxon Mobil Corp.*, 310 F.3d 969, 975 (7th Cir. 2002); *Armstrong v. Squadrito*, 152 F.3d 564, 582 (7th Cir. 1998). Edwards's state-law negligence claim relates to the same set of operative facts as his Eighth Amendment claim for deliberate indifference, and therefore we reinstate that claim as to all defendants.

REVERSED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*