**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 23, 2007[*]
Decided May 23, 2007

**Before**

Hon. FRANK H. EASTERBROOK, *Chief Judge*

Hon. JOEL M. FLAUM, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 06-3172

| | |
|---|---|
| ERVIN R. HALL-BEY,<br>　　*Plaintiff-Appellant,* | Appeal from the United States District Court for the Southern District of Indiana, Terre Haute Division |
| *v.* | |
| | No. 2:04-CV-69-RLY-WGH |
| EVELYN RIDLEY-TURNER, et al.,<br>　　*Defendants-Appellees.* | Richard L. Young,<br>*Judge.* |

**O R D E R**

Ervin Hall-Bey, an Indiana state prisoner, brought suit under 42 U.S.C. § 1983 alleging that prison officials and medical staff were deliberately indifferent to his medical needs by denying him gym shoes from an outside vendor to alleviate his foot problems. The district court granted summary judgment to the defendants. We affirm.

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

The facts are generally undisputed. Hall-Bey is an insulin-dependent diabetic who was transferred to the Wabash Valley Correctional Facility in 2001. Between December 2001 and March 2004 he complained of various foot problems, including swelling, soreness, and blisters. In response to these complaints, he was examined by medical staff on more than 25 occasions. Beginning in 2002 Hall-Bey was treated by defendant Dr. Anwer Jaffri for a painful lump on his left foot. It is not clear whether the lump was related to Hall-Bey's diabetes. Dr. Jaffri advised Hall-Bey to wear a soft-soled gym shoe, and Hall-Bey requested medical approval to purchase gym shoes from a vendor outside the prison. In his written orders for Hall-Bey's treatment, Dr. Jaffri approved the request, though he specified that the purchase of shoes from outside the prison also must be approved by defendant Dick Brown, who was then a Unit Manager at the prison. There is some dispute whether Brown approved the request, but in any event Hall-Bey ordered Nike gym shoes from an outside source. The shoes, however, were confiscated because Hall-Bey violated the prison's security policy requiring prisoners to purchase gym shoes through the commissary. Dr. Jaffri told Hall-Bey that the gym shoes available through the commissary were sufficient for managing his foot problems, but Hall-Bey persisted and ordered a second pair of gym shoes from an outside vendor. These shoes also were confiscated. Over the next two years Dr. Jaffri and the prison medical staff continued to treat Hall-Bey's complaints of foot pain and irritation by providing insoles and arch cushions, prescribing antibiotics and pain medication, and referring him to a podiatrist, who diagnosed him with plantar fibromatosis and recommended using insoles and performing non-weightbearing exercises three to four times per week.

The district court granted summary judgment for Dr. Jaffri, concluding that the totality of care he provided for Hall-Bey's foot problems was constitutionally sufficient. The court also determined that prison officials Dick Brown, Joe Thomas, and David Bonner were entitled to summary judgment because there was no evidence that they acted with deliberate indifference in denying Hall-Bey's request for outside gym shoes; their actions, according to the court, stemmed from enforcement of prison policy or miscommunication or, at worst, negligence. Finally, the court granted summary judgment to defendants Evelyn Ridley-Turner and Dean Rieger, as Indiana Department of Corrections officials, and John Mulroony, as Assistant Superintendent of the prison, because they merely responded to complaint letters and grievances, and had no causal link to Hall-Bey's medical care.

To succeed on a deliberate indifference claim under the Eighth Amendment, a prisoner must satisfy both an objective and a subjective component. First, he must demonstrate that his medical condition is "objectively, sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Then he must demonstrate that prison officials acted with a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834; *Greeno*, 414 F.3d at

653.  To make this subjective showing, the plaintiff must establish that the defendants knew he faced a substantial risk of harm and that they disregarded that risk.  *Greeno*, 414 F.3d at 653.  Deliberate indifference "is more than negligence and approaches intentional wrongdoing." *Johnson v. Snyder*, 444 F.3d 579, 585 (7th Cir. 2006) (citation omitted).  Medical malpractice or mere disagreement with a doctor's medical judgment does not constitute deliberate indifference.  *Edwards v. Snyder*, 478 F.3d 827, 831 (7th Cir. 2007).

On appeal Hall-Bey generally challenges the district court's conclusion that he did not establish the defendants' culpable state of mind.  He asserts that there is a disputed issue of material fact about whether deliberate indifference motivated the defendants' refusal to grant his request to purchase gym shoes from an outside vendor.  He seems to suggest that the defendants' disregard resulted from their animosity for his having filed numerous complaints and lawsuits.

We agree with the district court that Hall-Bey failed to offer evidence that would allow a jury to find the defendants deliberately indifferent to his medical condition.  Hall-Bey cannot point to any evidence to contradict Dr. Jaffri's medical judgment that his foot pain could be treated and managed through insoles, arch supports, soft-soled gym shoes from the prison commissary, medication, and exercise.  Hall-Bey's mere disagreement with his doctors' recommended course of treatment is insufficient to salvage his claim.  *See Edwards*, 478 F.3d at 831; *Greeno*, 414 F.3d at 653.  Hall-Bey also has not produced any evidence to substantiate his assertion that ill will motivated the defendants' denial of his request for gym shoes from an outside vendor.

AFFIRMED.