NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 29, 2007[*]
Decided August 30, 2007

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. JOEL M. FLAUM, *Circuit Judge*

No. 07-1031

| | |
|---|---|
| JOHN L. ALLEN,<br>    *Plaintiff-Appellant,*<br><br>    *v.*<br><br>MATTHEW FRANK , et al.,<br>    *Defendants-Appellees.* | Appeal from the United States District Court for the Eastern District of Wisconsin<br><br>No. 05 C 975<br><br>William C. Griesbach,<br>*Judge.* |

**O R D E R**

Wisconsin prisoner John Allen claims in this suit under 42 U.S.C. § 1983 that the defendants ignored his complaints of testicular pain, which Allen suspects is caused by cancer. The district court granted summary judgment for the defendants. We affirm.

The essential facts are undisputed. Allen informed prison staff at his initial medical screening that eight months earlier he had found blood in his urine. This

---

[*]After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

problem did not resurface, but in October 2002, a year after he entered the prison, Allen began persistently complaining of testicular pain on his right side. Over the next three years, he was seen by prison doctors or nurses for these complaints at least 17 times, by radiologists at the University of Wisconsin hospital three times, and by an emergency-room doctor once. Yet three separate ultrasounds and four blood workups and urinalyses during that period uncovered no evidence of cancer or other disease. One physician speculated that Allen might be experiencing residual pain from a vasectomy, but no other basis for his reported pain was detected. Prison doctors prescribed the antibiotic Ciproflaxen several times, gave Allen a scrotum support and an extra mattress to make him more comfortable, and referred him to prison psychologists out of concern that his pain might be psychologically driven.

As part of the investigation into Allen's complaints, prison medical staff ordered a urology consult after the second ultrasound revealed a small cyst, although on his left side outside his testicles. One radiologist told Allen that most masses outside the testicles prove benign, but added that, as a radiologist, he could not draw any conclusion on his own. Allen was then examined by a nurse practitioner in the urology department of the university hospital. Her findings were reviewed by a urologist. The examination revealed no conditions or symptoms of medical significance, and afterward the third ultrasound confirmed that the cyst had shrunk considerably in size. In the nurse practitioner's experience, patients with pain similar to Allen's had responded well to long-term use of Ciproflaxen, so she recommended its continued use.

A year after the urology consult, in September 2005, Allen filed his complaint naming 25 defendants, only five of them prison employees who were directly involved in his medical care. The other defendants included prison administrators and every outside medical provider who treated Allen. Allen complained that all of the defendants were deliberately indifferent to his condition because they delayed sending him to the urologist and treated him only with Ciproflaxen, which he deemed ineffective. In granting summary judgment, the district court assumed with some hesitation that Allen suffered from a serious medical condition, but concluded that he lacked evidence of deliberate indifference. The court reasoned that Allen had presented nothing but his personal disagreement with the course of treatment offered by the prison-staff defendants. As to the outside providers, the court noted that Allen did not even say what he believes they should have done differently and that his own evidence demonstrated that they diligently investigated the source of his reported pain.

To have survived summary judgment on his Eighth Amendment claim, Allen was required to produce evidence that (1) he suffered from an objectively serious medical condition, and (2) a defendant who can be liable under § 1983 was

deliberately indifferent to that condition. *See West v. Atkins,* 487 U.S. 42, 49 (1988)*; Board v. Farnham,* 394 F.3d 469, 478 (7th Cir. 2005). Deliberate indifference "is more than negligence and approaches intentional wrongdoing." *Johnson v. Snyder*, 444 F.3d 579, 585 (7th Cir. 2006). The prisoner must establish that the defendants knew about but disregarded a substantial risk of harm. *Greeno v. Daley,* 414 F.3d 645, 653 (7th Cir. 2005).

At the outset we note our uncertainty about whether each of the outside providers even qualifies as a state actor who can be held liable to Allen under § 1983 for violating his civil rights. *See West,* 487 U.S. at 54-56; *Wade v. Byles,* 83 F.3d 902, 907 n.6 (7th Cir. 1996); *Takle v. Univ. of Wis. Hosp. and Clinic. Auth.,* 402 F.3d 768 (7th Cir. 2005). *But see Lamoreux v. Oreck,* 686 N.E.2d 722 (Wis. App. 2004). But the district court did not address the issue except as to one emergency-room doctor who was dismissed on this ground, so we will address Allen's arguments about the care he received from the other defendants.

Allen argues that the defendants (medical and non-medical) were deliberately indifferent to his condition because they prescribed Ciproflaxen repeatedly instead of referring him to a specialist when they were nonetheless unable to diagnose the source of his reported pain. To satisfy the objective component of such a claim—that prison officials delayed rather than denied medical assistance—the inmate generally is required to offer "verifying medical evidence" that the delay caused some degree of harm. *See Williams v. Liefer,* __ F.3d __, 2007 WL 1932475, *3 (7th Cir. 2007). This Allen did not do. In fact, we are not convinced that he even could prove an underlying "objectively serious medical condition" since not even the urologist could discern a problem. But even if we assume, as did the district court, that Allen could satisfy the objective component, he could not satisfy the subjective one. A prisoner's dissatisfaction with a particular course of treatment does not give rise to an Eighth Amendment claim unless the medical treatment was "so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate" the prisoner's condition. *Edwards v. Snyder,* 478 F.3d 827, 831 (7th Cir. 2007); *Snipes v. DeTella,* 95 F.3d 586, 592 (7th Cir. 1996). Here the prison medical staff performed countless examinations and ordered multiple tests but Allen has identified nothing of concern in the results that should have called for treatment other than the use of Ciproflaxen to combat the possibility of infection. Only the cyst appeared unusual, and when it surfaced Allen was promptly referred to the urologist. Allen emphasizes that he reportedly was in pain, but this alone fails to demonstrate that the need for other, unspecified treatment was so obvious that deliberate indifference can be inferred. *See Johnson v. Doughty,* 433 F.3d 1001, 1013 (7th Cir. 2006); *Steele v. Choi,* 82 F.3d 175, 179 (7th Cir. 1996) (citing as examples of serious medical needs requiring immediate attention that "the leg is broken, so it must be set; the person is not breathing, so CPR must be administered"). And the non-medical officials cannot be held liable for

reasonably relying on the medical judgment of professionals. *See Greeno,* 414 F.3d at 656; *Perkins v. Lawson,* 312 F.3d 872, 875-76 (7th Cir. 2002).

Allen finally argues that the district court erred by granting summary judgment for the radiologists and the nurse practitioner at the university hospital before he obtained complete discovery from them. In his responses to their motions for summary judgment, Allen cryptically indicated that it was "difficult" for him to respond without knowing their precise job descriptions, but otherwise he said nothing about the progress of discovery. A party in such a situation—even a *pro se* litigant—must submit an affidavit explaining why additional discovery is necessary—a "simple procedure." *Deere & Co. v. Oh. Gear,* 462 F.3d 701, 706 (7th Cir. 2006); *see* Fed. R. Civ. P. 56(f); *DiCesare v. Stuart*, 12 F.3d 973, 979 (10th Cir. 1993) (requiring *pro se* litigant to follow Rule 56(f)). Even if we liberally construe Allen's submission as such a request, he did not explain why the job descriptions were necessary to establish deliberate indifference, and we agree with the district court that they were not.

The judgment is AFFIRMED.