**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 16, 2008[*]
Decided July 17, 2008

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

DIANE P. WOOD, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 06-3404

| | |
|---|---|
| VANTICE L. BESHEARS, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 06-2132 |
| CHAMPAIGN COUNTY SHERIFF, *et al.*, *Defendants-Appellees*. | Harold A. Baker, *Judge*. |

**O R D E R**

Vantice Beshears brought this action under 42 U.S.C. § 1983, alleging that he received inadequate medical care under the Fourteenth Amendment when he was a pretrial detainee at the Champaign County Jail. He claims that the jail's medical staff prescribed and

---

[*] The defendants were not served with process in the district court and are not participating in this appeal. After examining appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the appellant's brief and the record. See FED. R. APP. P. 34(a); CIR. R. 34(f).

administered several medications that adversely interacted to cause him to suffer a stroke or seizure, which made him fall and hit his head against a steel door, and that he was denied adequate treatment after the accident. The district court screened Beshears's complaint, see 28 U.S.C. § 1915A, and dismissed it for failure to state a claim. Because Beshears stated claims against two of the defendants, we affirm in part, vacate in part, and remand the case for further proceedings.

For purposes of review we accept as true the facts alleged in the complaint. *Lagerstrom v. Kingston*, 463 F.3d 621, 622 (7th Cir. 2006). In September 2004 Beshears was in the custody of the Champaign County Jail; medical personnel there administered several medications to him. As a result of an adverse interaction between his medications, Beshears fainted, fell to the floor, and lost consciousness. A correctional officer witnessed this episode and called the nurse, who arrived several hours later. The nurse stated that Beshears had suffered a "sudden loss of blood to the brain" and that he would be fine. Beshears asked to be examined in an emergency room, but the nurse told him that it would cost too much money and that he could see the jail doctor when he came in. Beshears saw the jail doctor a few days later, and the doctor told him that the medications could not have caused the episode and that he would be fine after resting. The doctor also concurred with the nurse's decision not to send Beshears to the hospital for further examination.

After Beshears saw the doctor (exactly when is not clear from the complaint), he again requested further treatment from the nurse. Beshears told the nurse he was still suffering "serious problems." She responded that she was "not interested in helping" him and that if he did not like the medical care he was receiving he should "bond out of jail." The nurse communicated this to him both orally and in writing, though he did not attach the writing to his complaint. Beshears alleges that as a result of the accident and the delay in receiving proper treatment, he suffered neurological and cognitive damage.

We review *de novo* a dismissal under § 1915A for failure to state a claim. *Sanders v. Sheahan*, 198 F.3d 626, 626 (7th Cir. 1999). We construe all facts in the light most favorable to Beshears, and we will draw all reasonable inferences in his favor. See *Wynn v. Southward*, 251 F.3d 588, 591-92 (7th Cir. 2001). We may affirm the dismissal only if the complaint "fails to set forth 'enough facts to state a claim to relief that is plausible on its face.'" *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007), *cert. denied*, 2008 WL 593773 (U.S. May 12, 2008) (No. 07-1127) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)). Pretrial detainees have a right to adequate medical care under the Fourteenth Amendment; we assess those claims using the same standards for deliberate indifference that we would use for an Eighth-Amendment claim. *Williams v. Rodriguez*, 509 F.3d 392, 401 (7th Cir. 2007). To succeed on a deliberate-indifference claim, a pretrial detainee must show that (1) the harm the detainee suffered was objectively serious, and (2)

the official acted with deliberate indifference to the detainee's health or safety. *Id.* Negligence, even gross negligence, does not constitute deliberate indifference, *Guzman v. Sheahan*, 495 F.3d 852, 857 (7th Cir. 2007), and neither does medical malpractice, *Edwards v. Snyder*, 478 F.3d 827, 831 (7th Cir. 2007).

Although Beshears's complaint alleges claims against eight defendants, on appeal Beshears presses his claims against only the nurse, the doctor, and the corrections officer who witnessed his accident, none of whose names he knows. The fact that he does not know any of their names does not necessarily defeat his claim, as his allegations are against persons who could be identified in pretrial discovery. See *Billman v. Indiana Dep't of Corrs.*, 56 F.3d 785, 789 (7th Cir. 1995). The district court did not address Beshears's claim against the officer, but because Beshears admits in his complaint that the officer immediately called the nurse after Beshears fell and hit his head, he pleaded himself out of court by alleging facts that belie deliberate indifference. See *Borello v. Allison*, 446 F.3d 742, 748 (7th Cir. 2006); *Brownell v. Figel*, 950 F.2d 1285, 1292 (7th Cir. 1991).

As for the claims against the nurse and the doctor, the district court dismissed them on the basis that Beshears's allegations amounted only to medical malpractice, which is not cognizable under § 1983. But Beshears alleges more than medical malpractice. Regarding the nurse, Beshears alleges that at some point after he saw the doctor, he again requested to see the nurse, and she told him that she was not interested in helping him when he told her he was still having "serious problems." Although his allegation may turn out to be false, at this stage we must accept it. Viewing Beshears's allegations in that light, we hold that Beshears sufficiently alleged that the nurse withheld or denied treatment. A prisoner who alleges that treatment has been delayed or withheld without reason, as Beshears did here, may survive prescreening. See *Walker v. Benjamin*, 293 F.3d 1030, 1039 (7th Cir. 2001) (holding inmate's allegation that defendants denied him "prompt and effective treatment for pain" was enough to put defendants on notice to nature of claim); *Edwards*, 478 F.3d at 832; see also *Williams v. Liefer*, 491 F.3d 710, 716 (7th Cir. 2007) (holding defendants not entitled to judgment as a matter of law where delay in treatment may have exacerbated prisoner's pain). As for the doctor, Beshears alleges that he "treats inmates worse than the public at large" or provides them with "next to no treatment." In other words, he alleges that the doctor's medical judgments were not entitled to deference because "no minimally competent medical professional" would have acted the same way. See *Sain v. Wood*, 512 F.3d 886, 894-95 (7th Cir. 2008). Beshears has stated a claim with respect to doctor's and the nurse's alleged withholding of treatment. We therefore AFFIRM the dismissal with respect to all defendants but the nurse and the doctor. With respect to the nurse and the doctor, we VACATE and REMAND the case for further proceedings.