NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 17, 2008*
Decided July 29, 2008

**Before**

JOEL M. FLAUM, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 08-1059

| | |
|---|---|
| PAUL CARLETON MAYES, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Southern District of Indiana, |
| | Indianapolis Division. |
| *v.* | |
| | No. 1:07-cv-360-LJM-WTL |
| PAUL TALBOT, M.D., | |
| *Defendant-Appellee.* | Larry J. McKinney, |
| | *Judge.* |

## O R D E R

Paul Mayes filed suit under 42 U.S.C. § 1983, claiming that Dr. Paul Talbot, a contract physician at the Marion County Jail in Indianapolis, Indiana, was deliberately indifferent to a serious medical need during his confinement. The district court granted summary judgment to Dr. Talbot. Mayes appeals, and we affirm.

---

*After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

We construe the facts in Mayes's favor.  During the summer of 2006, Dr. Talbot prescribed Dilantin, an anti-epileptic drug used to control seizures, and ibuprofen to Mayes under the mistaken impression that Mayes had a cerebral aneurysm.  The record does not reveal whether the prescriptions followed an examination or request for treatment.  Within a few weeks Mayes began to experience adverse side effects from the drugs, including headaches and stomach pain, so he stopped taking the pills and informed medical personnel of the problem.  When Dr. Talbot learned of the side effects the following day, he realized that he had misdiagnosed Mayes and promptly cancelled the prescriptions.  Although the side effects dissipated shortly thereafter, Mayes feared that the drugs might have some other lasting effects, so he demanded further treatment.  One month later Dr. Talbot examined Mayes and acknowledged the earlier error.  During that meeting Dr. Talbot told Mayes that any side effects were temporary and that the only treatment option was to discontinue the medications.

In its order of summary judgment, the district court concluded that Mayes could not demonstrate deliberate indifference.  After all, the court reasoned, Dr. Talbot had cancelled the prescriptions as soon as he learned of the side effects.  Moreover, it concluded, "[t]here is not a shred of evidence that Dr. Talbot[] acted with a sufficiently culpable state of mind" at any time during the relevant period.

On appeal Mayes argues that the district court erred in granting summary judgment because a genuine issue of material fact existed regarding Dr. Talbot's deliberate indifference.  We review a district court's grant of summary judgment de novo.  *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005).  Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  FED R. CIV. P. 56(c).

A pretrial detainee[1] enjoys at least as much protection against deliberate indifference as a convicted prisoner, albeit under the Fourteenth Amendment.  *See Williams v. Rodriguez*, 509 F.3d 392, 401 (7th Cir. 2007); *Lopez v. City of Chi.*, 464 F.3d 711, 718 (7th Cir. 2006).  Thus, Mayes has the burden of showing that a genuine issue of material fact exists regarding whether Dr. Talbot was deliberately indifferent to an objectively serious medical condition.  *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Edwards v. Snyder*, 478 F.3d 827, 830-31 (7th

_____

[1] The record does not tell us whether Mayes was a pretrial detainee at the time or a convicted prisoner serving a sentence at the county jail.  In any event, his precise status is unimportant because he is entitled to constitutional protection against deliberate indifference either way.  *See Williams*, 509 F.3d at 401; *Lopez*, 464 F.3d at 718.

Cir. 2007).  To act with deliberate indifference, a doctor must know of a patient's serious medical need and consciously disregard it.  *See Johnson v. Doughty*, 433 F.3d 1001, 1010 (7th Cir. 2006).  "[N]either medical malpractice nor a mere disagreement with a doctor's medical judgment amounts to deliberate indifference."  *Greeno*, 414 F.3d at 653.

Mayes argues that Dr. Talbot's failure to examine him *when he complained about his side effects* constitutes deliberate indifference because his symptoms "could have been from something other than medication."  But Mayes reported to medical personnel only his belief that it was the drugs that were causing the side effects, to which Dr. Talbot responded by discontinuing the drugs.  And Mayes was right, so far as the record shows.  The side effects ceased.  Mayes's current speculation that something other than the medication may have caused his symptoms is insufficient to establish deliberate indifference.  Mayes also disagrees with Dr. Talbot's refusal to treat him one month later for any long-term harm that the Dilantin and the ibuprofen might have caused.  Yet he cannot point to any persistent symptoms or other evidence of danger, nor can Dr. Talbot conceive of any treatment options beyond discontinuing the medications.  On this record Mayes cannot establish that Dr. Talbot consciously disregarded his medical needs.  *See Johnson*, 433 F.3d at 1010.  Dr. Talbot's prescription error was significant, but he took immediate action to remedy the problem after he learned of his mistake.

AFFIRMED.