NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 11, 2009[*]
Decided June 12, 2009

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 08-3884

| | |
|---|---|
| JEREMY T. GREENE, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Eastern District of Wisconsin. |
| | |
| *v.* | No. 08-C-728 |
| | |
| WILLIAM POLLARD, et al., | William C. Griesbach, |
| *Defendants-Appellees.* | *Judge.* |

## O R D E R

Jeremy Greene, a Wisconsin state prisoner, appeals from the dismissal of his civil rights complaint alleging that the prison dentist and other staff violated his Eighth Amendment rights by refusing to provide a specific dental procedure--the bonding of a tooth. The district court dismissed his complaint for failure to state a claim, and we affirm.

---

[*]The named defendants were not served in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the appellant's brief and the record. *See* FED. R. APP. P. 34(a)(2).

According to his complaint, Greene had a constant aching and sensitivity in his upper left canine tooth as well as another lightly chipped tooth. The sensitivity was the result of the thinning of tooth enamel. Five years earlier, Greene saw a dentist who bonded his tooth with a tooth-colored resin material to strengthen the enamel, and he wanted the prison dentist to do the same. At an appointment with Dr. Donald Jones, the prison dentist, Dr. Jones told Greene, "I only fill teeth with decay or pull 'em." Dr. Jones encouraged Greene to switch to another type of toothpaste, but Greene told him that he had already tried that and it did not work. He told Dr. Jones that his tooth had not deteriorated to the point that it needed to be pulled or filled, and asked what he should do for the pain. Dr. Jones merely shrugged in response. Greene claimed that, later, the pain in his tooth intensified so as to interfere with his eating and sleeping habits. He alleged that the tooth has since deteriorated, and expressed anxiety that a cavity could form in the future. Greene complained to officials both in his institution and in the Wisconsin Department of Corrections, all of whom rejected his grievance.

Greene filed this action under 42 U.S.C. § 1983 alleging that defendants, including Dr. Jones and all those who reviewed the grievances, were deliberately indifferent to his need for the dental bonding procedure. At screening the district court dismissed the complaint for failure to state a claim, *see* 28 U.S.C. § 1915A. The court dismissed all claims against the prison officials, finding that they lacked the required mindset for deliberate indifference. The officials believed Greene's condition had been addressed by a medical professional. The court also dismissed all claims against Dr. Jones, noting that Greene's dental pain was not a serious medical need and that Greene's disagreement over the proper course of treatment did not support a claim of deliberate indifference.

On appeal, Greene renews his contention that Dr. Jones displayed deliberate indifference in refusing to provide bonding services. Greene also asserts that Dr. Jones conveyed a cavalier attitude towards his toothache by 1) offering him treatment options that did not suitably address his thinning enamel problem and 2) shrugging in response to his questions about his pain. He argues that these allegations show a disregard of his serious medical need rather than a disagreement about course of treatment.

To establish deliberate indifference to a serious medical need in violation of the Eighth Amendment, a plaintiff must show that he suffered from an objectively serious medical condition, and that a state official subjectively disregarded the risk to his health. *Burks v. Raemisch*, 555 F.3d 592, 593-94 (7th Cir. 2009); *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008). The official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Duckworth*, 532 F.3d at 679.

The district court did not err in concluding that Greene failed to allege deliberate indifference to a serious medical need. We have no settled, precise metric to assess when a plaintiff's need is sufficiently serious, but our standard contemplates a condition that has been diagnosed by a doctor as mandating treatment or one that is so obvious that even a lay person would easily recognize the need for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005); *Gutierrez v. Peters*, 111 F.3d 1364, 1374 (7th Cir. 1997). When viewed against this standard, Greene's own allegations undermine his claim that he faces a substantial risk of serious harm. *See Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007). For instance, the only symptoms he alleged he described to Dr. Jones were a constant aching in his tooth and a sensitivity to hot and cold temperatures. These symptoms fall short of a condition such as tooth decay or gum infection, which we have recognized as serious because of the substantial risks to health if left untreated. *See Board v. Farnham*, 394 F.3d 469, 482-83 (7th Cir. 2005) (citing cases). Greene's allegations essentially amount to a personal prognosis of worsening dental problems over time: "[o]nce ground down far enough [the tooth] will be more susceptible to develop a cavity." But such conjecture about the likelihood of future harm is not the sort of diagnosis that can be said to mandate treatment or raise in the mind of a lay person the need for a doctor's attention. It may have behooved the dentist to inquire further about his pain, but if Greene's condition has indeed worsened to the point where it interferes with his eating and sleeping, he is free to request another appointment. We hope that a doctor would do more than shrug at a patient's pain, but as Greene did not present to him a serious medical need, he cannot prove a constitutional violation under any set of facts.

**AFFIRMED**.