**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 23, 2010[*]
Decided November 10, 2010

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 10-1409

| | |
|---|---|
| ANTWAN SLATER, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Eastern District of Wisconsin. |
| | |
| *v.* | No. 08-CV-1037 |
| | |
| KATHY LEMENS, RICHARD | J. P. Stadtmueller, |
| HEIDORN, JEANANNE H. | *Judge*. |
| GREENWOOD, et al., | |
| *Defendants-Appellees.* | |

---

[*] The defendants were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the brief and the record. *See* FED. R. APP. P. 34(a)(2)(C).

**O R D E R**

Antwan Slater, a Wisconsin inmate, filed suit under 42 U.S.C. § 1983 against prison medical staff and administrators for their alleged deliberate indifference to his untreated nose condition and unhealed cuts, sores, and blisters. The district court dismissed Slater's complaint at screening, *see* 28 U.S.C. § 1915A, and denied Slater's motion to reconsider. On appeal Slater again challenges the dismissal of his case; we affirm.

According to Slater's complaint, he visited the prison's Health Services Unit on April 9, 2007, complaining of a problem that he was having with his nose and of an unrelated skin irritation problem that was causing cuts, sores, and blisters on the backs of his hands, wrists, and forearms. The nurse who initially treated him, defendant Kathy Lemens, sent him away without diagnosing or treating his conditions. On the way back to his cell, Slater complained to the deputy warden, defendant Michael Baene, that he had not received treatment. Baene said that he would intercede on Slater's behalf, but never did.

In the four-month period that followed, Dr. Richard Heidorn, a prison doctor also named as a defendant, saw Slater at least six times for medical needs unrelated to his nose condition or skin irritation complaints. Lemens also saw him again multiple times during this period for unrelated medical needs. But, though Slater sought treatment for his nose or skin issues whenever he saw medical staff, they did not diagnose or treat the conditions.

Prison medical staff assessed Slater's maladies in July and August 2007. In July 2007, his skin condition was assessed first (the complaint does not make clear who performed the assessment), and Slater received two different ointments to rub on his hands and forearms. In August 2007, Dr. Heidorn assessed Slater's nose condition and diagnosed him with allergies and swollen nasal passages; as a result, Heidorn prescribed different nasal sprays and allergy pills the next month.

In his complaint, Slater asserts that the delay in treatment led to preventable breathing problems as well as headaches, congestion, swelling, lost sense of smell, and pain. The unattended skin problems, Slater continues, produced skin spotting, scars, and pain. But the district court concluded that Slater's complaint failed to state a claim under the Eighth Amendment, reasoning that his alleged maladies—nasal pain, allergies, and skin irritation—were insufficiently serious to state a claim for deliberate indifference. Furthermore, the court reasoned that Slater was seen several times during the intervening 4-month period for unrelated medical needs by several prison medical professionals. These visits suggested to the court both that 1) Slater's doctors were aware of the allergies and skin irritation issues but needed to treat other, more urgent medical needs first and 2) Slater was receiving some medical treatment, even if not what he requested.

On appeal Slater challenges the district court's conclusion that his complaint failed to state a claim. Slater stresses that the delay in the diagnosis and treatment of his two medical conditions produced unnecessary pain, exacerbated his breathing problems, and damaged his skin. He also argues that a medical condition need not be life-threatening as long as it is sufficiently serious that denial of care causes unnecessary pain. *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010) (citations omitted); *Gutierrez v. Peters*, 111 F.3d 1364, 1371 (7th Cir. 1997).

We review the district court's decision de novo and, for purposes of this appeal only, assume true all the facts Slater alleges in his complaint. *See Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010). But, even viewed in the most favorable light, Slater's complaint fails to present a legally sufficient claim that is "plausible on its face," *see Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To make out a claim for deliberate indifference, a prisoner must allege that the defendants were *intentionally* indifferent to an objectively serious medical need or condition. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008). This standard requires that medical personnel knew, or recklessly disregarded knowing, that by delaying treatment for Slater's nose congestion and bruises, he would experience severe medical problems. *See Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005); *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001). Neither negligence (even gross negligence), *Guzman v. Sheahan*, 495 F.3d 852, 857 (7th Cir. 2007), nor medical malpractice, *Edwards*, 478 F.3d at 831, will support such a claim.

Slater's complaint does not plausibly raise a claim that prison officials ignored what they understood to be his serious medical needs. On the contrary, Slater's pleadings assert that prison medical staff spent a great deal of time on his medical care: His pleadings tell us that Dr. Heidorn treated him at least six times over the relevant four months for some other condition or conditions (though Slater's complaint and other filings provide no information about the nature or severity of that medical condition). And Slater acknowledges that other prison medical staff (including Lemens) similarly attended to his needs multiple times during the same period. These allegations are inconsistent with, and therefore render implausible, Slater's conclusion that prison staff—attending fairly constantly to medical needs of Slater's—collectively sat by leaving other known and serious medical needs unattended. And when prison medical staff did diagnose his nose and skin complaints, they found the conditions merited limited medical treatment.

Slater is correct that prolonging or inflicting severe, unnecessary pain can support a claim of deliberate indifference, *McGowan*, 612 F.3d at 640, but not "every ache or pain" is sufficient to constitute a serious medical need, *see, e.g.*, *Gutierrez*, 111 F.3d at 1372 (stating that failure to treat a common cold does not support a deliberate indifference claim); *see also*

*Cooper v. Casey*, 97 F.3d 914, 916 (7th Cir. 1996) (stating that a prison medical staff's refusal to treat minor "ailments for which many people who are not in prison do not seek medical attention-does not by its refusal violate the Constitution"). The length of delay that is tolerable depends on the seriousness of the condition, *McGowan*, 612 F.3d at 640, and whether medical staff knew or were deliberately indifferent to the serious consequences of delay. The district court here reasonably concluded that the delay in treating the minor maladies that Slater has alleged resulted from the medical staff's choice to treat other maladies first. This conclusion is sound because the medical personnel had no reason to believe that anything serious would arise from temporarily delaying treatment of a congested nose and skin condition. *See Estelle v. Gamble*, 429 U.S. 97, 107 (1976) (holding that disagreement with a doctor's judgment does not support a claim of deliberate indifference); *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003) (same).

AFFIRMED.