**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 2, 2020[*]
Decided September 3, 2020

**Before**

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 19-2794

| | |
|---|---|
| FIRAS M. AYOUBI, <br>     *Plaintiff-Appellant,* | Appeal from the United States District <br> Court for the Southern District of Illinois. |
| *v.* | No. 18-cv-1689-NJR-GCS |
| WEXFORD HEALTH SOURCES, INC., <br> et al., <br>     *Defendants-Appellees.* | Nancy J. Rosenstengel, <br> *Chief Judge.* |

## O R D E R

Firas Ayoubi, an Illinois inmate who sued prison doctors for deliberate indifference to his painful neurological condition, appeals the denial of his request for a preliminary injunction. Ayoubi believes that Wexford Health Sources, Inc., and two of its doctors have ignored his condition—which he describes as a "nervous tick" that causes involuntary twitching and jerking—and sought an injunction compelling his treatment by an outside specialist. The district court denied Ayoubi's request,

---

[*] We have agreed to decide the case without oral argument because the brief and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

concluding that he had not demonstrated a reasonable likelihood of success on the merits. We see no error in the district court's decision and affirm.

Upon his arrival at Pinckneyville Correctional Center in early 2018, Ayoubi did not identify any current medical needs. But several weeks later, he told a nurse that he was experiencing involuntary movement in his torso and left leg—a condition that he said had persisted for a year and a half. He later was seen by Dr. Percy Meyers, a Wexford physician, who noted some involuntary movement in Ayoubi's upper body, opined that he may have a movement disorder, and recommended a neurology consultation. But when he observed Ayoubi during normal activities, the doctor saw no abnormal body movements so he backed off his prior recommendation for an outside consultation. The prison's collegial review board, which included Wexford's regional medical director and Pinckneyville's medical director, agreed on an alternative treatment plan that encompassed an onsite neurology examination.

Under the alternative treatment plan, Ayoubi was admitted to the infirmary for three days in mid-2018 and monitored closely. According to the nurses' notes, he twitched or shrugged his right shoulder during two assessments, but otherwise they saw no outward signs of uncontrollable muscle movement. In a second collegial review, the doctors found Ayoubi's subjective complaints unsupported by objective findings, and thus they decided to continue to monitor and treat him at the prison.

Ayoubi submitted a grievance to Pinckneyville officials requesting a transfer to an outside medical facility for a neurology consultation. That grievance was denied.

Ayoubi then sued Wexford and three doctors for deliberate indifference to his serious medical needs by failing to authorize a neurology consultation. He principally sought a preliminary injunction compelling an outside neurology consultation, as well as an adjustment in housing conditions (either a single cell or a bottom bunk).

The district judge, adopting the recommendation of a magistrate judge who had conducted a hearing on the matter, denied Ayoubi's request for an injunction.[1] The district judge determined that Ayoubi failed to make the requisite showing for such extraordinary and drastic relief. Ayoubi failed not only to demonstrate a reasonable

---

[1] After requesting an injunction, Ayoubi transferred from Pinckneyville to Dixon Correctional Center. Given this transfer, the parties agreed that the motion for a preliminary injunction applied only to Wexford.

likelihood of success on the merits (because he had not shown that his treatment plan departed significantly from professional standards), but also to show he would suffer irreparable harm if the relief were not granted (because his symptoms had not escalated to a point where drastic intervention was necessary).

In this interlocutory appeal, Ayoubi first challenges the conclusion that he failed to demonstrate a reasonable likelihood of success on the merits—one of the requirements for obtaining a preliminary injunction. *See Courthouse News Serv. v. Brown*, 908 F.3d 1063, 1068 (7th Cir. 2018). To succeed on a deliberate-indifference claim, Ayoubi had to show that he suffered from an objectively serious medical condition and that prison officials knew of and disregarded an excessive risk to his health. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016) (en banc). Although the parties dispute whether Ayoubi has supplied evidence of a serious medical condition, we assume for the sake of discussion that his neurological condition poses a substantial risk to his health.

We turn, then, to whether Ayoubi presented enough evidence to allow a reasonable factfinder to infer that his medical providers acted with deliberate indifference. We understand him to argue that the cumulative medical record compels the conclusion that the refusal of his request for an outside specialist could have been made only with malice.

The record does not support this contention. As the district court determined, no factfinder could conclude the defendants deliberately ignored or seriously aggravated Ayoubi's condition. The record reflects that, in response to his complaints of pain, the defendants placed him under close observation for several days in the infirmary, where he was given laboratory tests and prescribed Motrin for pain relief. Based on the assessments from that time and other records, the doctors concluded that the appropriate treatment plan was to continue to monitor his condition rather than refer him to an outside specialist. Ayoubi has not countered this by pointing to anything in the record to suggest that his care was "so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate a medical condition." *See Edwards v. Snyder*, 478 F.3d 827, 831 (7th Cir. 2007).

Because Ayoubi cannot show a likelihood of success on the merits, we need not address the other prerequisites to obtain a preliminary injunction. *See Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S. of Am., Inc.*, 549 F.3d 1079, 1086 (7th Cir. 2008).

We have considered his remaining arguments, and none has merit.

AFFIRMED