NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 20, 2021[*]
Decided April 22, 2021

**Before**

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 20-3487

| | |
|---|---|
| JEROME WALKER, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 20-cv-699-bbc |
| CORRECTIONAL OFFICER LEIBERT, *et al.*, *Defendants-Appellees*. | Barbara B. Crabb, *Judge*. |

**O R D E R**

Jerome Walker, an inmate at the Wisconsin Secure Program Facility in Boscobel, filed suit under 42 U.S.C. § 1983 alleging that prison guards and nurses unlawfully delayed treatment for his breathing trouble. The district court dismissed the case at

---

[*] The appellees were not served with process and are not participating in this appeal. Because the appellant's brief and the record adequately present the facts and legal arguments, and oral argument would not significantly aid the court, the appeal is submitted on the appellant's brief and the record. FED. R. APP. P. 34(a)(2)(C).

screening. Because Walker's complaint does not plausibly allege that any defendant acted with deliberate indifference towards his medical needs, we affirm.

According to Walker's complaint, the allegations of which we take as true at the pleading stage, *Schillinger v. Kiley*, 954 F.3d 990, 994 (7th Cir. 2020), he has asthma, and one evening he experienced "head spinning, tightness of chest and shortness of breath." His prescribed inhaler provided no relief, so Walker called for assistance. Correctional officer Leibert (whose first name does not appear in the record) responded and, upon hearing about Walker's condition, said, "quit your bitching and man up." She reported to her supervisor that Walker was breathing abnormally but did not seem to be having an emergency. Another guard then checked on Walker and reported the same. The supervisor relayed the information to the health services unit, and a nurse asked that Walker submit a medical request form.

About 90 minutes after Walker's first call for assistance, a different nurse came to his cell to distribute his daily medication. Walker told her that he was having trouble breathing and that his inhaler did not help. She informed him that he must submit a medical request form with a co-payment. Walker told her that the rules did not require him to pay before being seen. Within 10 minutes, Walker was escorted to the medical unit without having submitted a request or co-pay. The nurse who had visited his cell administered a breathing treatment, and Walker's breathing improved.

Walker brought this action against the correctional officers and nurses, asserting that they withheld necessary medical care in violation of the Eighth Amendment. The district court dismissed the case at screening, *see* 28 U.S.C. § 1915A, concluding that, although Walker has a serious medical condition, he was treated in a reasonable amount of time with no defendant exhibiting indifference to his calls for help. We review the dismissal de novo. *Schillinger*, 954 F.3d at 994.

To state an Eighth Amendment claim, Walker had to plausibly allege that the defendants were deliberately indifferent to his objectively serious medical condition. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Peterson v. Wexford Health Sources, Inc.*, 986 F.3d 746, 751 (7th Cir. 2021). We assume that an asthmatic having trouble breathing, with no relief from prescribed medication, is sufficiently serious. *Board v. Farnham*, 394 F.3d 469, 484 (7th Cir. 2005).

Walker first argues that he sufficiently alleged deliberate indifference by the correctional officers because their characterization of his condition as a non-emergency led to a delay in being seen by a nurse. Walker also takes issue with Leibert telling him

to "man up." That gratuitous statement aside, however, Leibert told her supervisor that Walker was not breathing normally. Another guard confirmed Leibert's assessment, and their supervisor communicated this to a nurse who decided that Walker should submit a treatment request. Despite conveying their non-medical opinion that Walker "did not appear to be having an emergency," the officers also gave the nurse the objective facts. After relaying Walker's complaints, the officers were permitted to defer to the nurse's medical judgment. *See Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010).

Walker next argues that the nurse who took the officers' phone call should have provided immediate treatment instead of telling him to fill out a request form. He emphasizes that even a short delay in treatment can give rise to a deliberate indifference claim if it exacerbates a condition or unnecessarily prolongs an inmate's pain. *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010). But here, the only "delay" occurred after three people (two guards and the first nurse) assessed that Walker was not having a crisis; he was not gratuitously made to suffer. *See generally Arnett v. Webster*, 658 F.3d 742, 754 (7th Cir. 2011) (dismissal vacated where complaints of pain were ignored for ten months); *Edwards v. Snyder*, 478 F.3d 827, 831–32 (7th Cir. 2007) (reversing dismissal where treatment of compound fracture was delayed two days so as not to disturb doctor's holiday plans). And, though Walker was in discomfort, nothing in his complaint suggests that he was in the kind of distress that required immediate action. Under these circumstances, the nurse's request that Walker follow standard procedures does not plausibly allege deliberate indifference.

Walker also argues that the nurse who came to his cell should have provided treatment immediately. But she assessed Walker in person as she performed her rounds, and nothing in the complaint renders it plausible that she did anything other than exercise her professional judgment in deciding he could wait for a short time. *See Lewis v. McLean*, 941 F.3d 886, 894 (7th Cir. 2019). In particular, Walker admits that he was easily treated with no lasting ill effects. And although this nurse also told Walker to submit a medical request, she nonetheless treated him minutes later without one. Walker contends that the nurse must have realized it was a mistake not to treat him sooner, but nothing supports this negative inference. Even if the nurse could have acted sooner, Walker does not allege care so "woefully inadequate" as to suggest a "reckless disregard" for Walker's medical needs. *See Eagan v. Dempsey*, 987 F.3d 667, 695 (7th Cir. 2021) (quoting *Hudson v. McHugh*, 148 F.3d 859, 863 (7th Cir. 1998)).

Finally, even assuming that any defendant took too long to respond to a severe asthma attack, to the extent Walker seeks damages based on the risk of what *could have*

happened to him as a result, that risk is not actionable under § 1983 without actual injury. *See Lord v. Beahm*, 952 F.3d 902, 905 (7th Cir. 2020). None is alleged.

AFFIRMED