In the

# United States Court of Appeals

### For the Seventh Circuit

No. 10-1113

ANTHONY N. SMITH,

*Plaintiff-Appellant,*

*v.*

KNOX COUNTY JAIL,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Central District of Illinois.
No. 09-1403—**Harold A. Baker**, *Judge.*

SUBMITTED DECEMBER 19, 2011[*]—DECIDED JANUARY 23, 2012

Before RIPPLE, ROVNER, and WILLIAMS, *Circuit Judges.*

PER CURIAM. Anthony Smith sued the Knox County Jail pro se under 42 U.S.C. § 1983, alleging that jail officials

[*] No defendant was served with process in the district court, and none has participated in this appeal. After examining Smith's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on his brief and the record. *See* FED. R. APP. P. 34(a)(2)(C).

violated the Eighth Amendment because they were deliberately indifferent to his serious medical needs after a fellow inmate attacked him. The district court dismissed the case at screening for failure to state a claim, and Smith appealed. Because we conclude that Smith states a claim, we vacate the judgment of the district court.

In his complaint, Smith alleges that while he was a pretrial detainee at Knox County Jail, asleep in his cell one morning in October 2009, a guard opened the door, allowing another inmate to enter and attack him. Smith sustained painful injuries to his head and eyes. He requested medical attention, but received none for five days; instead, he was "locked down" for 72 hours following the attack. In his brief on appeal, Smith gives additional details: The guards knew of his "obvious blood" and his "dizzyness [sic], throwing up and blind spots and loss of [eye] color . . . and #10 pain on a scale of 1 to 10," but did nothing for five days.

The district court screened Smith's complaint as required by 28 U.S.C. § 1915A and held a brief telephonic "merit-review hearing" so that Smith could further clarify his claims. The district judge asked Smith whether he had sustained bruises and a black eye in the attack, and Smith answered yes, adding that as a result his left eye now had "no color." Smith explained that he eventually saw the jail's doctor, who told him that he had retinal swelling but his eye would heal on its own. According to Smith, it did not. He also added that his back had been injured in the attack.

Following the hearing, the district court dismissed Smith's suit for failure to state a claim upon which relief could be granted. The court first pointed out that Smith had named only Knox County Jail as defendant, and he could not sue a building. Moreover, the court explained, Smith could not cure that error because he had alleged only minor injuries, and to state a claim under the Eighth Amendment for failure to provide medical treatment, a plaintiff must allege deliberate indifference to an objectively serious medical need. The court also noted that Smith had not submitted any evidence to show that his condition had worsened as a result of the delayed treatment.

We review dismissals under 28 U.S.C. § 1915A de novo. We also take Smith's allegations to be true for the purposes of this appeal, including the allegations in his appellate brief, because they are consistent with the underlying complaint. *See Flying J, Inc. v. City of New Haven*, 549 F.3d 538, 542 n.1 (7th Cir. 2008). Smith's claim against the Illinois jail officers arises under the Due Process Clause of the Fourteenth Amendment, which affords pretrial detainees the same protection against deliberate indifference as the Eighth Amendment guarantees to the convicted. *See Williams v. Rodriguez*, 509 F.3d 392, 401 (7th Cir. 2007).

Smith argues on appeal that the district court applied the wrong standard when it required that he provide medical evidence to show that his condition had worsened because treatment was delayed. He is correct that a plaintiff need not furnish evidence to survive a

challenge to a complaint's legal sufficiency; a plaintiff need only show that the complaint contains the necessary allegations to state a claim. *See, e.g.*, *Arnett v. Webster*, 658 F.3d 742, 746 n.1 (7th Cir. 2011); *General Insurance Co. of America v. Clark Mall Corp.*, 644 F.3d 375, 377-78 (7th Cir. 2011).

But Smith does not allege that the delayed treatment exacerbated his injuries; rather, he contends that even if his condition did not worsen from the delay, deliberate indifference to prolonged, unnecessary pain can itself be the basis for an Eighth Amendment claim. This, too, is correct. *See Arnett*, 658 F.3d at 751. "[T]he length of delay that is tolerable depends on the seriousness of the condition and the ease of providing treatment." *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010) (citations omitted). Even a few days' delay in addressing a severely painful but readily treatable condition suffices to state a claim of deliberate indifference. *Compare Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 832 (2009) (state employees could be liable for four-day delay in treating prisoner who complained that his IV was causing him serious pain); *Grieveson v. Anderson*, 538 F.3d 763, 779 (7th Cir. 2008) (guards could be liable for delaying treatment of broken nose for a day and a half); *Edwards v. Snyder*, 478 F.3d 827, 830-31 (7th Cir. 2007) (a plaintiff who painfully dislocated his finger and was needlessly denied treatment for two days stated a deliberate-indifference claim, reversing the district court's dismissal) *with Gutierrez v. Peters*, 111 F.3d 1364, 1374 (7th Cir. 1997) (no valid claim for six-day delay in treating a mild cyst infection).

Here, Smith has alleged a serious, readily treatable condition that was ignored for almost a week. After an apparently unprovoked attack on him while he slept, he bled, vomited, sustained retinal or corneal damage, and endured dizziness and severe pain for five days as guards merely looked on. Although the evidence may not ultimately substantiate these allegations, if proven these conditions are severe enough to have required more prompt attention. *See Edwards*, 478 F.3d at 830-31.

Finally, the district court was correct that, in listing the Knox County Jail as the sole defendant, Smith named a non-suable entity. But a pro se plaintiff who makes a pleading gaffe in a complaint deserves an opportunity to offer a curative amendment before the complaint is dismissed with prejudice. *See Jackson v. Kotter*, 541 F.3d 688, 696-97 (7th Cir. 2008); *Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998); *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996). Accordingly, on remand the district court should give Smith an opportunity to amend his complaint to name the jail officers who ignored his injuries. Furthermore, because counsel could help to facilitate the resolution of this case, the district court should also exercise its discretion to reconsider Smith's request that the district court recruit counsel to represent him. *See Pruitt v. Mote*, 503 F.3d 647, 656 (7th Cir. 2007) (en banc).

VACATED and REMANDED.