NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 30, 2013[*]
Decided June 3, 2013

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 12-3728

| | |
|---|---|
| TYRONE BURNS, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 11-1104-GPM |
| JAMES FENOGLIO, et al., *Defendants-Appellees.* | G. Patrick Murphy, *Judge.* |

**O R D E R**

Tyrone Burns, an inmate at the Lawrence Correctional Center in Illinois, appeals from the dismissal of his civil-rights suit at screening. *See* 28 U.S.C. § 1915A. He principally contends that Dr. James Fenoglio delayed for eight months treatment to relieve a painful tumor in his right hip. Taking his factual allegations as true for purposes of this appeal, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), we conclude that Burns states an Eighth

---

[*] The defendants were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that the case is appropriate for summary disposition. *See* FED. R. APP. P. 34(a)(2)(C).

Amendment claim against Dr. Fenoglio. Accordingly, we vacate in part the judgment of the district court and remand for further proceedings.

In May 2010, while Burns was incarcerated at Stateville Correctional Center, a prison doctor diagnosed a mass on his right hip as a tumor and said that it had to be removed surgically. Burns did not have the surgery while he was at Stateville, and in November 2010 he was transferred to Lawrence. (Burns has filed a separate lawsuit against medical providers and administrators at Stateville claiming deliberate indifference to his need for surgery; that suit is currently pending in the Northern District of Illinois. *See Burns v. Ill. Dep't of Corrs. Emps.*, No. 11 C 7267 (N.D. Ill. filed Oct. 13, 2011).) After the transfer Burns repeatedly asked to see a doctor about removing the tumor. Finally, three months after the transfer, he saw Dr. Fenoglio, who told him "not to worry about it" because the tumor "may go away." Dr. Fenoglio gave him ibuprofen for the pain. In Burns's brief to this court, he adds that during this first visit, he asked Dr. Fenoglio to review his medical records from Stateville and schedule the surgery that was previously recommended to remove his tumor, but the doctor ignored his request. Over the next few months, Burns submitted additional sick-call requests complaining of pain in his right hip and requesting pain medication stronger than ibuprofen. Eventually Dr. Fenoglio sent Burns to Carle Hospital in May 2011, five months after first examining him. A radiologist found several nodules on Burns's right hip, including a cyst. He drained fluid from the cyst, performed a biopsy on one of several solid nodules (which showed no malignant cells), and recommended surgery to remove the tumor.

Earlier that month Burns had submitted a grievance complaining about both the delay in his surgery and the denial of effective medication for his unrelieved, severe pain. The warden accepted the grievance officer's recommendation to reject Burns's complaint, and on appeal the Administrative Review Board upheld that decision with the explanation that Burns was scheduled to see an oncologist and thus his "medical needs are being addressed." The Board said nothing about his unresolved pain. That same week, at the end of June, Burns was sent to another hospital for a physical evaluation of the tumor; the examining physician expressed concern about a possible sarcoma and told Dr. Fenoglio that Burns should be sent back to Carle Hospital "for further care." Burns had a consultation with an oncologist at Saint Louis University Hospital in July, and in August—eight months after his first visit with Dr. Fenoglio—the surgeons at that hospital removed the tumor from his right hip.

Burns sued Dr. Fenoglio and several prison administrators under 42 U.S.C. § 1983 and Illinois law. He makes three claims. First, he contends that Dr. Fenoglio was deliberately indifferent to his serious medical need by delaying his surgery until August 2011. Because of the delay, Burns asserts, he was in severe pain for eight months. Burns also blames the delay on the director of the Illinois Department of Corrections, the former

warden at Lawrence and the deputy warden who succeeded him, the health-care administrator at the facility, and the grievance officer who recommended against granting relief. He says that the warden, deputy warden, and health-care administrator should have responded to his grievance by taking disciplinary action against Dr. Fenoglio when he did not schedule the surgery. Second, Burns claims that the grievance officer and the warden violated his right to due process by not conducting a hearing on his grievance. Third, Burns claims under Illinois law that all of the defendants were negligent.

The district court dismissed the Eighth Amendment claim against Dr. Fenoglio on the belief that Burns simply was challenging the effectiveness of the medical treatment that he eventually received. The court's order did not address the effect of the delayed surgery or mention Burns's allegation that he experienced severe pain while waiting for it to be scheduled, long after his transfer to Lawrence. The district court also dismissed the Eighth Amendment claim against the remaining defendants because Burns did not allege that they were personally involved in treating his tumor. Finally, the court dismissed Burns's due-process claim against the grievance officer and warden because there is no substantive due-process right to a grievance procedure. After dismissing the constitutional claims, the court relinquished supplemental jurisdiction over the state-law negligence claim.

On appeal Burns argues that his claims should have survived screening or, alternatively, that he should have been given an opportunity to amend his complaint. We review de novo a dismissal under § 1915A for failure to state a claim. *Westefer v. Snyder*, 422 F.3d 570, 574 (7th Cir. 2005).

We agree with Burns that his complaint states an Eighth Amendment claim against Dr. Fenoglio. Prison physicians will be liable under the Eighth Amendment if they intentionally disregard a known, objectively serious medical condition that poses an excessive risk to an inmate's health. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Grieveson v. Anderson*, 538 F.3d 763, 775 (7th Cir. 2008); *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). The district court read the complaint as alleging no more than a disagreement with Dr. Fenoglio's treatment, but Burns alleges that he endured significant pain due to an unjustified *delay* in scheduling his surgery. Delaying medical treatment may constitute deliberate indifference, depending on the seriousness of the condition and the ease of providing treatment. *See Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010). "Even a few days' delay in addressing a severely painful but readily treatable condition suffices to state a claim of deliberate indifference." *Smith*, 666 F.3d at 1040. Burns did not have the surgery to remove his hip tumor until eight months after Dr. Fenoglio first examined him, even though the prison doctor at Stateville had recommended surgery. And during those eight months, Burns alleges, he was experiencing severe pain, which Dr. Fenoglio knew about but did not address with effective pain medication. These allegations of delayed surgery and unabated

pain, if proven and not accompanied by an adequate explanation for the treatment decisions, may establish deliberate indifference. *See Gonzalez v. Feinerman*, 663 F.3d 311, 314 (7th Cir. 2011) (factfinder could reasonably infer deliberate indifference from doctors' refusal to authorize hernia surgery for two years); *McGowan*, 612 F.3d at 641 (plaintiff who alleged he was forced to wait three months to see oral surgeon for botched tooth extraction stated a deliberate-indifference claim); *Grieveson*, 538 F.3d at 778–80 (7th Cir. 2008) (guards could be liable for day-and-a-half delay of treatment for painful broken nose); *Edwards v. Snyder*, 478 F.3d 827, 831–32 (7th Cir. 2007) (plaintiff who dislocated his finger and was denied treatment for two days stated a deliberate-indifference claim). Perhaps the prison's medical records will substantiate the district court's view that this is essentially a dispute about the effectiveness of Dr. Fenoglio's treatment, which might justify summary judgment, *see, e.g.*, *Holloway v. Del. Cnty. Sheriff*, 700 F.3d 1063, 1074 (7th Cir. 2012), but that determination can't be made at screening.

However, the district court properly dismissed the claims against the remaining defendants. Section 1983 makes public employees liable "for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009); *see George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Burns faults the director of the Department of Corrections, the warden, and the deputy warden for not overruling Dr. Fenoglio's decision to delay the surgery. But top-level administrators are entitled to delegate to others the responsibility for specific prison functions, including providing medical care. *See Burks*, 555 F.3d at 595. And Burns does not allege that the health-care administrator was *personally* involved in the decision to delay his surgery: He states generally that "all of the defendants have had personal knowledge" about his medical condition but does not assert that the administrator ever consulted with Dr. Fenoglio or Burns himself about his case.

The district court also properly dismissed Burns's due-process claim against the grievance officer and the warden. Prison grievance procedures "do not give rise to a liberty interest protected by the Due Process Clause," *Grieveson*, 538 F.3d at 772 (7th Cir. 2008), and so Burns's allegation that the defendants did not provide him with a hearing on his grievance states no claim, *see Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996).

After dismissing Burns's federal claims, the district court declined to exercise supplemental jurisdiction over the state-law negligence claim against all defendants. Because we are vacating the judgment on the constitutional claim against Dr. Fenoglio, and the state-law negligence claim covers the same set of operative facts, we reinstate the state-law claim as to all defendants. *See Edwards*, 478 F.3d at 832 (observing that when an Eighth Amendment claim is reinstated against a defendant, and the district court had relinquished supplemental jurisdiction over a state-law negligence claim against all defendants, the court should reinstate the negligence claim against all defendants if it relates to same set of

operative facts as the federal claim); *Albany Bank & Trust Co. v. Exxon Mobil Corp.*, 310 F.3d 969, 975 (7th Cir. 2002); *Armstrong v. Squadrito*, 152 F.3d 564, 582 (7th Cir. 1998).

The judgment is AFFIRMED, except that as to the § 1983 claim against Dr. Fenoglio and the state-law negligence claim against all defendants, the judgment is VACATED, and the case is REMANDED for further proceedings.