NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 11, 2014[*]
Decided December 12, 2014

**Before**

DIANE P. WOOD, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 13-1984

| | |
|---|---|
| JAMES COURTNEY,<br>    *Plaintiff-Appellant,*<br><br>    *v.*<br><br>JERRY A. DEVORE, et al.,<br>    *Defendants-Appellees.* | Appeal from the United States District Court for the Southern District of Illinois.<br><br>No. 13-cv-302-JPG<br><br>J. Phil Gilbert,<br>*Judge.* |

**O R D E R**

James Courtney appeals the dismissal of his complaint under 42 U.S.C. § 1983 against administrators of the Marion County Jail for assigning him to a unit where female guards monitor the bathroom activity of detainees. The district court concluded that Courtney's complaint failed to state a claim. Because Courtney has alleged that the

---

[*] The appellees were not served with process in the district court and are not participating in in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the brief and record. *See* FED. R. APP. P. 34(a)(2).

placement was intended to humiliate him in violation of Eighth and Fourteenth Amendment standards, we vacate the court's dismissal of that claim.

For purposes of this appeal only, we take as true Courtney's allegations, including those in his appellate brief that are consistent with his complaint. *See Smith v. Knox County Jail*, 666 F.3d 1037, 1039 (7th Cir. 2012). While Courtney was a pretrial detainee in March 2011, administrators moved him to a "Med-I Cell." In this part of the jail, female guards watch cameras that monitor bathroom activity, including male detainees relieving themselves and cleaning their private parts. Administrators assigned him to this unit because he was a detainee accused of failing to comply with sex-offender reporting requirements and they wanted to shame him with cross-sex monitoring. Courtney is a Muslim, and it violates his religious beliefs for women other than his wife to see him naked.

Courtney wrote 30 grievances objecting to his assignment and asking to be moved, but he received no responses. Other inmates, by contrast, were quickly transferred out of this wing after filing requests. He also wrote to the Sheriff Jerry DeVore, to no avail, asking to be moved to a part of the jail that did not have cameras in the bathrooms. In retaliation for his requests to be transferred, he alleges, a month later administrators moved Courtney to a "female work release cell" where female guards still observed his bathroom activity. Further grievances went unanswered; one official told Courtney that he had seen his grievances in the trash.

When Courtney left the jail, he had spent 65 days in units with bathrooms that female guards monitored by camera, and he suffered as a result. In addition to feeling humiliated, he sometimes postponed using the bathroom for several days. A therapist for Menard Correctional Center, where he is now incarcerated, has diagnosed him with post-traumatic stress disorder from his experiences at Marion County Jail. Today he endures panic attacks and difficulty going to the bathroom.

In this lawsuit Courtney asserts two claims: First, jail officials violated the Eighth Amendment by subjecting him to cross-sex bathroom monitoring to embarrass him; second, they violated due process by ignoring his grievances and transfer requests. The district court dismissed the case at screening. *See* 28 U.S.C. § 1915A(b)(1). It observed first that, although civil rights claims of pretrial detainees arise under the Fourteenth Amendment, we begin by evaluating those claims using the Eighth Amendment standards that apply to prisons. *See Board v. Farnham*, 394 F.3d 469, 477–78 (7th Cir. 2005). Under those standards, it ruled, institutional security justifies monitoring inmates everywhere, even in bathrooms and regardless of the gender of the observer. The court

also ruled that Courtney had no due-process right to a particular grievance or transfer procedure.

On appeal Courtney first argues that his allegations about cross-sex camera monitoring state a violation of the Eighth Amendment. Reviewing the dismissal de novo, *see Marion v. Columbia Correction Inst.*, 559 F.3d 693, 696 (7th Cir. 2009), we agree with Courtney that his allegations state an Eighth Amendment claim because they describe conduct that could constitute "harassment unrelated to prison needs." *Hudson v. Palmer*, 468 U.S. 517, 530 (1984); *see Peckham v. Wisconsin Dep't of Corr.*, 141 F.3d 694, 697 (7th Cir. 1998). Although guards may, to maintain prison safety, watch the bathroom activity of opposite-sex prisoners without violating the Eighth Amendment, *Johnson v. Phelan*, 69 F.3d 144 (7th Cir. 1995), they may violate the amendment if the purpose of their cross-sex monitoring is to humiliate the prisoners or detainees. *See id.* at 149–51; *see also Mays v. Springborn*, 575 F.3d 643, 649–50 (7th Cir. 2009) (vacating summary judgment for guards and ruling that strip searches are unconstitutional if intended to humiliate); *Whitman v. Nesic*, 368 F.3d 931, 934 (7th Cir. 2004) (explaining that harassment or malicious conduct unrelated to institutional security violates Eighth Amendment); *Fillmore v. Page,* 358 F.3d 496, 505 (7th Cir. 2004) (ruling that female guards may violate Eighth Amendment by strip searching male prisoners "in a harassing manner intended to humiliate and inflict psychological pain"); *Calhoun v. DeTella,* 319 F.3d 936, 939–40 (7th Cir. 2003) (vacating dismissal and ruling that inmate stated a claim that strip search in front of female guards was unconstitutional because it was intended to humiliate).

Here Courtney has alleged that jail officials assigned female guards to monitor his bathroom activity in order to humiliate him. First, he contends that jail administrators granted the transfer requests of other detainees, but kept him assigned to a unit with cross-sex monitoring, despite his transfer requests, to shame him because he was a sex offender. Second, he adds that, when administrators later transferred him to another unit that also used cross-sex bathroom monitors, they did so to retaliate against him for complaining about the humiliation. The facts may later refute these allegations or show that the jail officials acted for institutionally legitimate reasons, but at this stage Courtney's allegations suffice to state an Eighth Amendment claim.

We pause to comment on the proper defendants. Courtney's claim is valid only against the administrators who personally assigned him to these units. *See Alejo v. Heller,* 328 F.3d 930, 936 (7th Cir. 2003) (commenting that § 1983 defendant must have personally participated in constitutional deprivation); *Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002) (noting no § 1983 respondeat superior liability). Courtney has sued the

"Marion County Jail," which we take to be an inartful attempt to name pseudonymously these administrators. Because Courtney is pro se, on remand the district court may and should assist him in identifying and naming the administrators who assigned him to his jail units. *See Smith*, 666 F.3d at 1040; *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555–56 (7th Cir. 1996). Courtney has also named the sheriff, but he has not alleged that the sheriff had any personal role in the assignment. Instead he has alleged only that, after he wrote to the sheriff to complain, the sheriff did not rectify the problem. But chief administrators are ordinarily not personally liable for decisions made by subordinates, even if they receive a letter complaining about those decisions and do not intervene. *See Burks v. Raemisch*, 555 F.3d 592, 595–96 (7th Cir. 2009). There can be an exception if the superior, by not acting, creates or increases some peril, *see id.* at 596, but Courtney alleges the opposite: the cross-sex monitoring never changed. So the sheriff is personally dismissed. *See Palmer v. Marion County.*, 327 F.3d 588, 593–94 (7th Cir. 2003).

Courtney argues next that the district court should not have dismissed his claim that, by mishandling and rejecting his grievance and transfer requests, jail officials violated due process. But state grievance procedures do not create substantive liberty interests protected by due process. *See Grieveson v. Anderson*, 538 F.3d 763, 772 & n.3 (7th Cir. 2008); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). And Courtney otherwise had no liberty interest in transferring to another unit. *See Wilkinson v. Austin*, 545 U.S. 208, 221–22 (2005); *Townsend v. Fuchs*, 522 F.3d 765, 771 (7th Cir. 2008). So any mishandling or denying of Courtney's grievance and transfer requests did not offend due process. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 59 (1999) ("Only after finding the deprivation of a protected interest do we look to see if the State's procedures comport with due process."); *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011); *George v. Smith*, 507 F.3d 605, 609–10 (7th Cir. 2007).

Courtney's last argument is that the district court should have allowed him to amend his complaint. He seeks to assert that his jail assignment violated his rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc–2000cc-5, and the First Amendment. This is a request that Courtney should present to the district court first; because the court dismissed his complaint at screening, he has not yet had an opportunity to seek leave to amend. We observe, though, that plaintiffs should generally be allowed to amend once before a complaint is dismissed with prejudice. *See* FED. R. CIV. P. 15(a); *Smith*, 666 F.3d at 1040; *Donald*, 95 F.3d at 555.

Accordingly the district court's dismissal of Courtney's Eighth Amendment claim is VACATED and REMANDED. The court's judgment dismissing the rest of Courtney's

complaint is AFFIRMED. Given this result Courtney has not incurred any strikes for this litigation. *See* 28 U.S.C. § 1915(g); *Turley v. Gaetz*, 625 F.3d 1005, 1012 (7th Cir. 2010).