**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 30, 2018[*]
Decided August 30, 2018

**Before**

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 17-3144

| | |
|---|---|
| CLARENCE G. GOREE, <br> *Plaintiff-Appellant,* | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 17-cv-0685-JPG |
| J. SERIO, et al., <br> *Defendants-Appellees.* | J. Phil Gilbert, <br> *Judge.* |

**O R D E R**

Clarence Goree, formerly an inmate at the Greenville Federal Correctional Institution in Illinois, sued prison staff for constitutional violations under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and for negligence under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-2680. His core claim is that the defendants unlawfully encumbered his trust fund account. The district

---

[*] The defendants were not served with process in the district court and are not participating in this appeal. We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

judge dismissed Goree's claims with prejudice at screening, *see* 28 U.S.C. § 1915A, concluding that they were frivolous, barred by the statute of limitations, or not covered by the waiver of sovereign immunity under the Federal Tort Claims Act. Because Goree did not bring any cognizable, nonfrivolous claim, we affirm the judgment.

We review de novo the dismissal under § 1915A and accept as true the facts alleged in Goree's complaint. *Smith v. Knox Cty. Jail*, 666 F.3d 1037, 1039 (7th Cir. 2012).

Documents attached to (and therefore incorporated into) the complaint, *see* FED. R. CIV. P. 10(c), show that the warden, acting pursuant to a prison policy, froze $25,000 of Goree's funds because the FBI requested the encumbrance while investigating a link between Goree's money and possible criminal activity. Based on this interdiction, Goree asserts three *Bivens* claims: the warden's discretion to encumber his funds violates his due-process rights and his right to equal protection (presumably under a class-of-one theory); Goree's administrative proceeding to recover damages for the encumbrance violated his due-process rights because the grievance administrator cited the wrong statute when denying his claim; and a correctional officer violated his due-process rights by filing a false report alleging that he was insolent during the investigation. He also claims under the Federal Tort Claims Act that the warden negligently froze his account.

Goree's *Bivens* claims are premised on due-process violations that the Supreme Court does not recognize as cognizable under *Bivens*, and it would be improper to recognize a new theory of relief in this case. *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857–58 (2017). Where Congress has established an alternative remedial structure to protect a constitutional right, the Supreme Court has strongly cautioned that the courts should not create a second remedy. *See id.*; *see also Vega v. United States*, 881 F.3d 1146, 1154–55 (9th Cir. 2018) (declining to recognize *Bivens* action for due-process violation when alternative remedial structures were available). Goree had available to him, and indeed pursued, administrative remedies through the Federal Bureau of Prisons to seek relief based on the same conduct underlying this suit. And in at least one case—his claim against the officer for allegedly fabricating a disciplinary report—Goree succeeded in obtaining a remedy: he convinced a prison administrator on appeal that he did not receive adequate notice of the evidence used against him, and the report was expunged.

The district judge also appropriately dismissed Goree's negligence claim under the Federal Tort Claims Act, first and foremost because Goree did not sue the United States. *See Hughes v. United States*, 701 F.2d 56, 58 (7th Cir. 1982). But even if the

district judge had allowed Goree to amend his complaint to fix that issue, Goree's claims still would fail because of two other problems.

First, the statute of limitations bars his claims. At screening the district court may invoke an affirmative defense, such as the statute of limitations, if it is clear from the complaint that the defense applies. *See Khan v. United States*, 808 F.3d 1169, 1172 (7th Cir. 2015). Suits under the Federal Tort Claims Act must be brought within two years of the claim accruing and within six months of the "notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401. According to Goree's pleadings, he timely filed his administrative claim within two years of the encumbrance. But after the Bureau of Prisons denied the claim on October 17, 2014, he did not file his complaint in the district court until June 30, 2017, well after the six-month deadline.

Second, the Federal Tort Claims Act does not recognize claims that challenge an act of a government employee that is "based upon the exercise or performance or the failure to exercise or perform a discretionary function." 28 U.S.C. § 2680(a). The exception applies to acts that entail an element of judgment or choice and involve public-policy considerations. *United States v. Gaubert*, 499 U.S. 315, 322–23 (1991). The basis of the trust-fund encumbrance in this case was a provision in the Bureau of Prisons' Trust Fund/Deposit Fund Manual, granting the warden the discretion to encumber any inmate's account based on "possible criminal activity," among other things. Because the warden exercised his discretion in accordance with the Bureau of Prisons guideline, it "must be presumed" that his discretionary act was grounded in policy. *Gaubert*, 499 U.S. at 324. And Goree's equal-protection claim fails for the same reason. The warden did not act arbitrarily or irrationally in freezing Goree's account; rather, he rationally invoked the policy based on suspected criminal activity. *See Engquist v. Oregon Dep't of Agr.*, 553 U.S. 591, 602 (2008).

The district judge dismissed all of Goree's claims with prejudice. Although at screening complaints generally are dismissed without prejudice, *Smith*, 666 F.3d at 1040, Goree would not be able to cure the defects in his complaint with any amendment.

AFFIRMED