**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 17, 2018[*]
Decided October 18, 2018

**Before**

DIANE P. WOOD, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

No. 17-3354

| | |
|---|---|
| STEVIE ALLAN WEST,<br>*Plaintiff-Appellant*, | Appeal from the United States District<br>Court for the Eastern District of Wisconsin. |
| *v.* | No. 17-CV-1262 |
| JOHN MATZ, *et al.*,<br>*Defendants-Appellees*. | William C. Griesbach,<br>*Chief Judge*. |

## O R D E R

Stevie Allan West sued a doctor, a nurse, and a county sheriff under 42 U.S.C. § 1983 for deliberate indifference to a back and neck injury he incurred during his time as a pretrial detainee at Winnebago County Jail. The district court dismissed his complaint at screening for failure to state a claim. We affirm.

---

[*] Appellees were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that the case is appropriate for summary disposition. *See* FED. R. APP. P. 34(a)(2).

As West explains, he was tackled by Winnebago County Jail deputies and landed atop a padlock affixed behind his back to a waist restraint. A few days later, he says, he told Nurse Beverly that his neck and back were in pain, and she scheduled an appointment for him to be seen by a doctor. Dr. Ken Anuligo examined him but apparently found no injuries. The doctor then prescribed a painkiller and ordered x-rays that came back negative. At a follow-up appointment two weeks later, Dr. Anuligo told West he would order additional x-rays in six weeks. But six weeks later, the doctor, after seeing West, postponed the order another four weeks. West asked Nurse Beverly for a neck brace to support his neck; she gave him a rolled blanket. He also asked to see a specialist, but the doctor denied his request. West soon was transferred to the Columbia Correctional Institution.

West sued Dr. Anuligo, Nurse Beverly, and Winnebago County Sheriff John Matz, alleging deliberate indifference to his medical needs. At screening, the district court dismissed his amended complaint, ruling that West did not assert any facts alleging a serious medical need, nor facts alleging intentional disregard for his health.

On appeal West reprises his complaint in greater detail, clarifying that Nurse Beverly and Dr. Anuligo gave him too little care too late by postponing x-rays and denying his request to see a specialist. He asserts that these actions amount to medical deliberate indifference. But even with his clarifications—which we may consider if consistent with the complaint, *Smith v. Knox Cty. Jail*, 666 F.3d 1037, 1039 (7th Cir. 2012)—West does not allege an objectively serious harm, as required to state a claim of deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015). Aside from experiencing pain for which he was prescribed medication, he does not hint at a medical condition that went untreated or undiagnosed. Dr. Anuligo's alleged actions—treating West's pain with medication, denying him a specialist, and delaying new x-rays—do not suggest that the doctor intentionally disregarded his medical needs. "[W]hether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment." *Estelle*, 429 U.S. at 107. Though poor medical judgment does not amount to deliberate indifference, it can rise to the level of negligence—but the proper forum for a negligence or medical malpractice action is the state court. *Id*.

AFFIRMED