NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 7, 2018[*]
Decided December 14, 2018

**Before**

MICHAEL S. KANNE, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 18-2347

| | |
|---|---|
| MARCUS MILLER, <br> *Plaintiff-Appellant,* | Appeal from the United States District <br> Court for the Southern District of Illinois. |
| *v.* | No. 17-cv-1101-SMY |
| DR. LARSON[**], et al., <br> *Defendants-Appellees.* | Staci M. Yandle, <br> *Judge.* |

**O R D E R**

Marcus Miller, acting *pro se*, claims that a prison doctor violated the Eighth Amendment by recklessly allowing the prison's medical staff to treat Miller with the wrong medicine and deliberately ignoring his repeated pleas for treatment. After Miller received the wrong prescription drug, he allegedly experienced serious complications. After granting Miller leave to amend his complaint, the district court dismissed the complaint at a preliminary screening before service, *see* 28 U.S.C. § 1915A, and assessed

---

[*] We have agreed to decide this case without oral argument because the appellate brief and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

[**] Dr. Larson's first name is not in the record, so we have left the caption as is.

a strike, *see id*. § 1915(g). We vacate the district court's dismissal in part because Miller has adequately alleged that the doctor violated the Eighth Amendment.

We treat the allegations in Miller's amended complaint as true for purposes of this appeal. *Perez v. Fenoglio*, 792 F.3d 768, 774 (7th Cir. 2015). Where the allegations in his original complaint elaborate on and are consistent with his amended complaint, we include those as well. *See Otis v. Demarasse*, 886 F.3d 639, 644–45 (7th Cir. 2018) (amended complaint not treated as "superseding complaint" because pro se litigants are entitled to leniency on procedural matters).

Miller is an Illinois prisoner who needs medication for high blood pressure. Dr. Larson is a prison physician responsible for the care of prisoners at Big Muddy River Correctional Center in Ina, Illinois. Following an appointment on December 15, 2016, Dr. Larson prescribed medication to treat Miller's blood pressure condition.

On December 21, a nurse dispensed to Miller a pill that he did not recognize. Miller questioned the nurse about it, and the nurse replied that the pill was Clonidine Hydrochloride, a new drug for his high blood pressure that Dr. Larson had ordered. Miller took the pill but quickly experienced dizziness, nausea, and vomiting. The next morning Miller alerted a different nurse about these symptoms. She assured him that his reaction should be short-lived and was normal. Miller took the drug at the nurses' encouragement for over a week despite ongoing dizzy spells and vomiting. Miller requested a follow-up appointment with Dr. Larson to address his concerns about the drug, but the doctor was on vacation for the holidays. On January 1, Miller refused to continue taking the drug after nurses suggested that it might be negatively interacting with one of his other medications or that he might have been prescribed an incorrect dosage.

Miller saw Dr. Larson again on January 9. After reviewing Miller's complaints, Larson was surprised that Miller had received Clonidine and insisted that he had never prescribed the drug for Miller. When Larson reviewed the medical record, he exclaimed, "They did it again! They … misread my writing and issued this guy the … wrong medication." Larson discontinued the prescription and ordered that Miller receive Tylenol and Pepto-Bismol to counter the side effects.

But when the dizziness and vomiting persisted, Dr. Larson dismissed Miller's requests for additional help. The doctor refused "further tests" or a "different course of treatment to relieve him of his condition," scoffing at the symptoms as "just in his

head." Larson filed an initial grievance with the prison on January 12, in which he related the incident and indicated that he believed he was experiencing more severe internal medical issues than Larson had acknowledged. He requested a physical exam by an "independent doctor." Prison officials denied the grievance on February 8, noting that Miller had made no further complaints and that Larson had discontinued the incorrect drug and treated Miller's symptoms. Miller continued to experience dizziness and nausea and continued to file grievances, but the prison took no further action. Miller later experienced a urinary infection and kidney failure, which he attributes to the incorrect medication and its possible interactions with other medicines he was taking at the time.

Miller sued Dr. Larson, Debbie Isaacs (the prison's healthcare administrator), the unknown pharmacist, various unknown nurses, and the prison's grievance officer under 42 U.S.C. § 1983 for violating the Eighth Amendment in two ways. As relevant on appeal, he accuses the doctor of deliberately disregarding (1) the need to treat Miller's long-term reaction to the wrong drug, and (2) the prison staff's practice of dispensing drugs that the doctor had not prescribed to his patients. Miller also faults both Larson and Isaacs for not preventing the misdelivery of medicine. Finally, he alleged that the prison's grievance officer was deliberately indifferent by failing to handle the grievances in a timely matter.

After allowing an amendment to cure pleading defects but before the defendants were served, the district judge dismissed the suit with prejudice. First, she ruled that Miller had not plausibly alleged that his persistent dizziness and nausea were serious medical needs. Next, she decided that Miller was seeking to hold Larson and Isaacs responsible for the errors of their subordinates, and § 1983 does not recognize *respondeat superior* liability. She also concluded that Miller's allegations against the unnamed medical staff were too vague because it was "impossible to determine whether Plaintiff is discussing the pharmacist or the nurses at any given time" or which prison nurses were involved. Lastly, Miller's claim against the grievance officer failed, she explained, because Miller had not adequately pleaded any indifference on his part.

On appeal, Miller first argues that his claim against Dr. Larson is sufficient. A prisoner states a claim that a doctor violated the Eighth Amendment if he alleges an objectively serious health concern that the doctor "knows of and disregards." *Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994). Under § 1983, prison doctors are not vicariously liable for the misconduct of others, but they may violate the Eighth Amendment by "turn[ing] a blind eye" to misconduct that they know will deny an inmate needed

medical care. *See Arnett v. Webster*, 658 F.3d 742, 757 (7th Cir. 2011) (quoting *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)).

Miller correctly argues that he experienced objectively serious harm. First, he suffered from high blood pressure, which is an objectively serious condition. *Jackson v. Pollion*, 733 F.3d 786, 789–90 (7th Cir. 2013). He was diagnosed with it and told that he needed treatment for it, another indication of its seriousness. *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014) ("A medical condition is objectively serious if a physician has diagnosed it as requiring treatment, or the need for treatment would be obvious to a layperson.") Second, after he received the wrong drug to treat his high blood pressure, he experienced persistent dizziness, nausea, and chronic vomiting. These symptoms are in combination also objectively serious. *See Greeno v. Daley*, 414 F.3d 645, 654 (7th Cir. 2005) (inmate stated Eighth Amendment claim when medical staff refused to address frequent vomiting, heartburn, nausea*); see also Smith v. Knox Cty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) (inmate who bled, vomited, sustained eye damage, and had dizziness and severe pain stated claim for deliberate indifference). Third, in concluding that Miller did not allege a serious medical need, the district court did not even consider the alleged kidney failure or bladder infection; these conditions added to the seriousness of Miller's medical problems.

Miller also plausibly alleged that Dr. Larson violated the Eighth Amendment by deliberately ignoring his medical needs in two respects. First, he alleges that Dr. Larson did nothing to address the harm that he knew Miller faced from a staff that regularly provided the wrong drugs. The doctor's remark that the pharmacy had "again" given the wrong drug permits an inference that he knew about but ignored this danger. A prison official may violate the Eighth Amendment when the official knows that an inmate may receive inadequate medical care but "fail[s] to exercise his or her authority to intervene on [the inmate's] behalf to rectify the situation." *Perez*, 792 F.3d at 782. *See also Dixon v. Cty. of Cook*, 819 F.3d 343, 350 (7th Cir. 2016) (prisoner stated deliberate-indifference claim against prison nurse who knew of prisoner's untreated medical needs but did nothing); *Gentry*, 65 F.3d at 561 (prison administrator could be liable under § 1983 for ignoring constitutional deprivation caused by other prison staff). Second, when Miller told Dr. Larson that the Pepto-Bismol and Tylenol did not resolve his vomiting, nausea, and dizziness, Dr. Larson brushed him off and gave no further care. A doctor who "persists in a course of treatment known to be ineffective" may violate the Eighth Amendment. *Petties v. Carter*, 836 F.3d 722, 729–30 (7th Cir. 2016) (en banc).

We pause to observe that these are only allegations and that, because the suit was dismissed before any defendants were served, Dr. Larson has not yet participated in the proceedings. At this preliminary stage, we merely conclude that Miller has sufficiently stated an Eighth Amendment claim against Dr. Larson. Further proceedings are needed to determine their truth and to allow Dr. Larson to respond with possible defenses.

The district judge properly dismissed the remainder of Miller's suit. Miller contends that because Isaacs oversaw the medical staff, she could have prevented the whole episode. But unlike Dr. Larson, Isaacs was not responsible for individualized patient care and did not know about the danger that he faced from the medical staff. Therefore, Miller's allegations against her are tantamount to an assertion of *respondeat-superior* liability, which § 1983 does not permit. *See Arnett*, 658 F.3d at 757. Miller also contends that the unnamed nurses and pharmacist were deliberately indifferent because they mishandled his prescriptions and disregarded his symptoms. But Miller never alleged that these putative defendants knew or recklessly ignored what Dr. Larson had prescribed. Even after the district court gave him an opportunity to cure his pleading defects, at most Miller alleged that the nurses and pharmacist were negligent. Yet negligence is insufficient to state a valid claim of medical mistreatment under the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Finally, Miller seems to have abandoned his claim against grievance officer David Hermetz on appeal, so we do not address it.

We VACATE and REMAND the dismissal of the Eighth Amendment claim against Dr. Larson, as well as the assessment of a strike against Miller pursuant to 28 U.S.C. § 1915A. We AFFIRM in all other respects.