**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 17, 2019[*]
Decided September 18, 2019

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 17-3504

| | |
|---|---|
| JAMES OWENS, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Southern District |
| | of Illinois. |
| *v.* | No. 15-cv-1143-MJR-SCW |
| STEPHEN DUNCAN, *et al.*, | Michael J. Reagan, |
| *Defendants-Appellees*. | *Judge*. |

**O R D E R**

James Owens, an Illinois inmate who suffered from bone spurs in his jaw, sued a prison dentist, grievance administrators, and four unnamed prison staff members, alleging that they were deliberately indifferent to his jaw pain in violation of the Eighth Amendment, and that the dentist retaliated against him for filing grievances about his treatment. At screening, the district court dismissed Owens's claims against the

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

unnamed staff members, as well as the retaliation claim. It later entered summary judgment for the remaining defendants on the deliberate-indifference claims. We affirm.

Owens visited Dr. Mark Litherland, the prison dentist, in March 2015 because of a sore jaw. Owens had ongoing dental issues and had previously had a tooth extracted. Dr. Litherland suspected either an infection or bone spurs (spontaneous bone growths that sometimes follow extraction) caused Owens's pain and prescribed an antibiotic and ibuprofen (alongside Owens's ongoing daily prescription for naproxen sodium). At a follow-up visit two weeks later, Dr. Litherland located and removed the bone spur.

Owens complained again of jaw pain in June, but according to Owens, prison staff members did not promptly respond to his complaints. Owens filed a grievance stating that over a two-week period, one staff member did not call him to see a nurse on the same day that he submitted a sick-call request, and another canceled a sick-call appointment. A third staff member denied Owens's request for pain medication the day after he filed the grievance. He was also informed that he could not see Dr. Litherland for a week because he was out of the office.

Dr. Litherland examined Owens four days after he filed his grievance. The dentist found and removed a second bone spur and informed prison administrators that Owens had received treatment. The administrators dismissed the grievance based on this report.

A few days later, Owens complained of pain to medical staff so they sent him to Dr. Litherland. The dentist anesthetized the area, made an incision in Owens's gum, and trimmed the edge of Owens's jaw bone to "make future bone spurs less likely and promote healing of the excavation site." He did not suture the incision because he believed it was "small enough to heal on its own." Dr. Litherland then prescribed an antibiotic and ibuprofen and scheduled a follow-up visit for a week later. Before the visit, Owens requested more pain medication, but a nurse did not provide it. At the visit, the dentist noted that Owens's incision was healing and made another follow-up appointment. During that visit, Dr. Litherland prescribed more ibuprofen and gave Owens salt packets to rinse out his mouth. Owens's jaw fully healed within a month after the procedure.

Nevertheless, Owens filed a second, "emergency" grievance with the prison warden in August 2015. He repeated the allegations from his first grievance, added that another nurse had denied him pain medication, and complained that Dr. Litherland

should have stitched up the incision. Owens conceded that the cut already had healed and that Dr. Litherland gave him pain medication—just not immediately upon Owens's request. The warden determined that this grievance was not an emergency.

Owens then sued Dr. Litherland and several prison officials for deliberately disregarding his pain. He alleged that (1) Dr. Litherland treated him improperly, denied medication, and retaliated against him for filing grievances; (2) four unnamed prison staff members prolonged his pain by denying his requests for care; and (3) grievance administrators refused to intervene. At screening, the district court dismissed Owens's "bare-bones" deliberate-indifference claims against the unnamed prison staff because he had not alleged that any staff member "was aware of the level of harm [he] was experiencing." The court also dismissed the retaliation claim against Dr. Litherland—based on Owens's allegation that, out of anger over the June 2015 grievance, the dentist "d[u]g around" in his mouth with a dental probe and cut his gums without stitching up the incision, causing unnecessary pain. The court concluded that this could not amount to retaliation because it had not actually deterred Owens from filing more grievances. After the dismissal, Owens filed a motion to recruit counsel, but the court never ruled on it. Ultimately, the court entered summary judgment for the defendants on the remaining claims, concluding that Dr. Litherland had exercised his medical judgment in treating Owens and that the grievance administrators had properly relied on that judgment.

On appeal, Owens first argues that a jury could reasonably find that Dr. Litherland and the prison administrators deliberately ignored his pain. To survive summary judgment, Owens needed to show that (1) his medical need was objectively serious, and (2) the defendants consciously disregarded his need for treatment. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016) (en banc). "[D]eliberate indifference to prolonged, unnecessary pain can itself be the basis for an Eighth Amendment claim." *Smith v. Knox Cty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012*).

We agree with the district court that no jury could find that Dr. Litherland or the prison staff deliberately ignored Owens's pain. Dr. Litherland responded to Owens's complaints by searching for and removing bone spurs, prescribing antibiotics and analgesics, and scheduling several follow-up visits (at which he again prescribed pain medicine). The only conceivable delay in Owens's care was for the period in June he cited in his first grievance, when two unnamed staff members allegedly denied him additional pain medication and Dr. Litherland was out of the office. But these facts

provide no evidence of deliberate indifference—a subjective state of mind akin to criminal recklessness. *See Farmer*, 511 U.S. at 839–40; *see also Wilson v. Adams*, 901 F.3d 816, 821–22 (7th Cir. 2018) (affirming grant of summary judgment on claim of deliberate indifference where "totality" of care showed proper attention to inmate's pain). Moreover, Dr. Litherland's decision to leave the incision to heal on its own was rooted in his medical judgment. Exercises of medical judgment—even when they prove wrong (which Dr. Litherland's did not)—are inconsistent with a deliberately indifferent state of mind. *See Petties*, 836 F.3d at 729. As for the grievance administrators, Owens lacks evidence that they did anything more than rely on Dr. Litherland's professional judgment, which they were entitled to do. *See Rasho v. Elyea*, 856 F.3d 469, 478–79 (7th Cir. 2017).

Owens also challenges the district court's dismissal of his other claims at screening. First, he contends that the district court erred in dismissing his claims against the four unnamed prison staff members who allegedly denied him care or medication through the "sick call" process at various times. The district court deemed these claims "bare bones," and we agree that Owens's sparse allegations do not amount to a plausible claim that these defendants knew of and disregarded a serious medical risk. *See Johnson v. City of Shelby,* 574 U.S. 10 (2014) ("A plaintiff . . . must plead facts sufficient to show that her claim has substantive plausibility."). Each staff member had a single interaction with Owens: two failed to summon him for sick call even though he had registered, and two did not give him pain medication when he requested it. These limited interactions do not give rise to a plausible claim that they knew Owens had a serious condition yet acted with indifference. *Cf. Perez v. Fenoglio*, 792 F.3d 768, 780 (7th Cir. 2015) (prisoner stated deliberate-indifference claim where he alleged "knowledge of his severe injury" and failure "to provide adequate medical treatment"); *see also Gutierrez v. Peters*, 111 F.3d 1364, 1375 (7th Cir. 1997) ("isolated instances of neglect … cannot support a finding of deliberate indifference").

Regarding the retaliation claim, we again agree with the district court's dismissal, if not its reasoning. Owens alleged that, upon learning that he filed a grievance over his inability to obtain medication in Dr. Litherland's absence, the dentist became angry and "d[u]g around" with a dental probe and slit his gums, causing him unnecessary pain. Alleging that a medical provider vengefully inflicted unnecessary pain in response to activity protected by the First Amendment sufficiently states a retaliation claim. *See Perez*, 792 F.3d at 783; *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). And filing a grievance is a protected activity. *See Perez*, 792 F.3d at 783. Whether a deprivation would "actually deter a person of ordinary firmness" is not a question to

"address at the pleading stage," *Bridges*, 557 F.3d at 552, so we disagree with the district court that Owens's claim failed because he was not deterred from filing grievances.

But, again, Owens's allegations are not plausible. His complaint reveals that the "dig[ging]" and the incision were done under anesthesia as part of a procedure to treat his pain. Owens faults Dr. Litherland's decision to let the incision heal naturally instead of stitching it, but Owens's disagreement with this treatment decision is insufficient to support any inference of an improper motive. *See Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Even if the retaliation claim should have passed screening, the record developed on Owens's related claims assures us that the procedure, and the subsequent care for the wound, were well within the bounds of permissible medical judgment and not the wanton infliction of pain.

Finally, Owens argues that the district court erred in failing to address his motion to recruit counsel who could have helped him retain a medical expert. A judge's failure to rule on a motion to recruit counsel is an abuse of discretion. *See Childress v. Walker*, 787 F.3d 433, 443 (7th Cir. 2015). But here, the error was harmless because it did not prejudice Owens. *See Wallace v. Tilley*, 41 F.3d 296, 303 (7th Cir. 1994) (citing *Brown-Bey v. United States*, 720 F.2d 467, 471 (7th Cir. 1983)); *see also Childress*, 787 F.3d at 443 (relying on *Brown-Bey*). The absence of medical testimony is not what doomed Owens's deliberate-indifference claims—rather, the defendants' evidence showed them to be meritless. Even if the court had recruited counsel, a medical expert's analysis of this record—showing frequent, responsive care and pain management—could amount only to a differing opinion about the best course of treatment, which cannot support a finding of deliberate indifference. *See Greeno*, 414 F.3d at 653.

AFFIRMED