**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 10, 2020[*]
Decided February 11, 2020

**Before**

MICHAEL S. KANNE *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 19-1442

| | |
|---|---|
| KEVIN LEE GRADY, SR., <br> *Plaintiff-Appellant*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 18-cv-2159-JPG |
| KARI KINDER, *et al.*, <br> *Defendants-Appellees*. | J. Phil Gilbert, <br> *Judge*. |

**O R D E R**

Kevin Grady, a federal inmate, sued prison staff for causing him to lose his job when they would not allow him to sign his inmate financial plan with the caveat that he did so "under duress." He now appeals the dismissal of his suit. Because the district

---

[*] The defendants were not served with process and are not participating in this appeal. We have agreed to decide this case without oral argument because the appellant's brief and the record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

court correctly determined that Grady did not plead any cognizable federal claim, we affirm the judgment.

We accept as true the facts alleged in Grady's complaint, which the district court dismissed at screening for failure to state a claim. *Smith v. Knox Cty. Jail*, 666 F.3d 1037, 1039 (7th Cir. 2012). While incarcerated, Grady was employed by UNICOR (the trade name for Federal Prison Industries, a government corporation that sells inmates' services and goods). Having an income required him to participate in the Inmate Financial Responsibility Program, through which inmates pay court-ordered financial obligations during their incarceration by following an income-based payment plan. *See* 28 C.F.R. §§ 545.10–545.11. Grady had participated in the program since 2013 and signed a new payment plan at the end of 2017. But, in April 2018, a case manager presented Grady with another new plan to sign, seemingly because his income required an acceleration of his repayment rate. Grady objected to the new repayment rate and the requirement that he pay his debt from his inmate account instead of with outside sources such as family gifts. He asked to speak with a "representative" about his legal rights, but the case manager would not allow it. So Grady asked to sign the plan with the words "under duress" next to his signature, believing that this would "allow him to preserve the right to argue his issues later." The case manager told Grady that including the words "under duress" would be taken as a refusal to agree to his plan and to participate in the program. Grady therefore declined to sign at all. As a result, he lost his job with UNICOR and was placed on commissary spending restrictions. *See* 28 C.F.R. § 545.11(d) (mandating these penalties for refusing to participate in the financial responsibility program). Grady complained to several members of the prison staff about these events and at least started to pursue the prison's grievance system.

Grady also filed suit, alleging that the case manager, and prison staff who did not intervene when he complained, tortiously interfered with his UNICOR contract and violated his due process rights, the Administrative Procedure Act, and Bureau of Prison policies. The district court identified, and rejected, three possible theories of relief based on the facts Grady alleged: (1) a claim for violation of his Fifth Amendment right to due process (which was not cognizable under *Bivens*)[1]; (2) a claim under the Administrative Procedure Act (which does not allow relief for noncompliance with policy statements);

---

[1] Although Grady framed his due-process claim under 42 U.S.C. § 1983, the district court properly understood him to have brought the action under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), because he sued individual defendants who are federal actors.

and (3) a tortious interference-with-contract claim, which could be brought only under—but was barred by—the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2674. The district court dismissed Grady's complaint with prejudice after screening. *See* 28 U.S.C. § 1915A. We review this decision de novo. *Smith*, 666 F.3d at 1039.

On appeal, Grady develops an argument only about the dismissal of his *Bivens* claim, so we say nothing more about the others. *See McCurry v. Kenco Logistics Servs., LLC*, 942 F.3d 783, 789 (7th Cir. 2019) (failure to challenge, or even mention, dismissal of claim in opening appellate brief is waiver).

Grady did not state a claim under *Bivens*. The Supreme Court has not recognized a due-process violation of this sort as cognizable under *Bivens*, and Grady says nothing about why we should recognize a new theory of relief here. *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017) (noting that expanding *Bivens* remedy is "a 'disfavored' judicial activity"). Further, it would be inappropriate for us to do so where Grady had access to the prison's administrative remedies to challenge the handling of his payment plan and his resulting loss of privileges. *See* 28 C.F.R. §§ 542.10–542.19 (setting forth Bureau of Prisons' administrative remedy program); *see also Ziglar*, 137 S. Ct. at 1858 (existence of alternative remedial structure weighs against expansion of *Bivens*); *United States v. Sawyer*, 521 F.3d 792, 794 (7th Cir. 2008) (dissatisfied prisoners may appeal administration of Inmate Financial Responsibility Program with Bureau of Prisons). This system provides a sufficient avenue of redress, particularly because removal from a prison job does not implicate liberty or property interests. *See DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000); *see also Vega v. United States*, 881 F.3d 1146, 1153–55 (9th Cir. 2018) (declining to recognize *Bivens* action for Fifth Amendment procedural-due-process claim based on prison disciplinary process when administrative remedies were available).

Grady argues that a federal action *must* be available because the prison's administrative remedies program does not award damages. But the unavailability of damages does not mean Grady can bypass alternative administrative remedies to raise a constitutional claim; a remedial scheme need not provide "complete relief" to preclude extension of *Bivens*. *See Engel v. Buchan*, 710 F.3d 698, 705 (7th Cir. 2013).

AFFIRMED